WIND ENERGY TECHNOLOGY ASSOCIATES III, WILLIAM C. WARBURTON, TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12143-89.     Filed May 30, 1990.

*Gary P. Kaplan,* for the petitioner.
*William A. Heard III* and *Thomas F. Eagan,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case is before the Court on petitioner's motion for summary judgment and respondent's cross-motion for partial summary judgment. The issue is whether respondent's failure to satisfy the 120-day requirement in section 6223(d) rendered a notice of final partnership administrative adjustment (FPAA) invalid. (All section references are to the Internal Revenue Code of 1954 as amended.)

On April 7, 1989, respondent mailed to partners of Wind Energy Technology Associates III (Wind Energy) a notice of the beginning of an administrative proceeding at the partnership level (commencement notice). A week later, on April 14, 1989, respondent mailed an FPAA to the tax matters partner of Wind Energy. Both notices related to the Wind Energy taxable year ended December 31, 1985, for which a partnership return had been timely filed. Petitioner William C. Warburton, the tax matters partner of Wind Energy, timely filed a petition for readjustment of partnership items on June 5, 1989, at which time Wind Energy's principal place of business was in New York, New York.

Section 6229(a) provides generally for a 3-year period of limitations for the assessment of tax attributable to partnership items. See *Barbados #7 v. Commissioner,* 92 T.C. 804, 808 (1989). The running of the limitations period is suspended when an FPAA for the taxable year is mailed to the tax matters partner. Sec. 6229(d). Also relevant is section 6223, which requires that both a commencement notice and an FPAA be mailed to those partners entitled to notice under that section. Sec. 6223(a). The time for mailing the commencement notice is "not later than the 120th day before the day on which" the FPAA is mailed to the tax matters partner. Sec. 6223(d)(1). Because respondent mailed the FPAA to the Wind Energy tax matters partner only 7 days after mailing the commencement notice, respondent plainly did not satisfy this 120-day requirement.

Petitioner argues that respondent's failure to comply with section 6223(d) renders the FPAA invalid. Because there was no valid FPAA, the argument continues, the 3-year limitations period for partnership items was not suspended under

section 6229(d) and has since run its course. Stated another way, petitioner maintains that respondent's fate was sealed on the 119th day before the expiration of the limitations period. At that point, respondent had not yet mailed the commencement notice. Any subsequent FPAA could not both respect the 120-day period and precede the expiration of the limitations period, unless the parties agreed to extend the limitations period in accordance with section 6229(b), which did not occur here.

Petitioner's written motion for summary judgment seeks the following: "In particular, Petitioner submits that the statute of limitations has expired on * * * [Wind Energy's] federal income tax return for its taxable year ended December 31, 1985, the year at issue." As noted, petitioner premises this conclusion on an invalid FPAA, which raises a jurisdictional issue.

Where this Court lacks jurisdiction of a case, we may not consider arguments concerning the statute of limitations on assessment, which is a defense in bar and not a plea to the jurisdiction of the Court. *Abeles v. Commissioner*, 91 T.C. 1019, 1039 (1988); *Robinson v. Commissioner*, 57 T.C. 735, 737 (1972); Rule 39, U.S. Tax Court Rules of Practice and Procedure. Although petitioner's motion is not so formulated, we will deem his motion for summary judgment to be a motion to dismiss for lack of jurisdiction. Thus, the specific issue, properly framed, is whether respondent's failure to comply with the 120-day requirement in section 6223(d) renders the FPAA invalid so as to deprive this Court of jurisdiction.

Respondent concedes his failure to comply with section 6223(d), but argues that the validity of the FPAA is unaffected and that section 6223(e) provides the exclusive remedy for wronged partners. That section provides:

SEC. 6223(e). EFFECT OF SECRETARY'S FAILURE TO PROVIDE NOTICE.—
   (1) APPLICATION OF SUBSECTION.—
      (A) IN GENERAL.—This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d).

*    *    *    *    *    *    *

(2) PROCEEDINGS FINISHED.—In any case to which this subsection applies, if at the time the Secretary mails the partner notice of the proceeding—

(A) the period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no such petition has been filed, or

(B) the decision of a court in an action begun by such a petition has become final,

the partner may elect to have such adjustment, such decision, or a settlement agreement * * * with respect to the partnership taxable year to which the adjustment relates apply to such partner. * * *

(3) PROCEEDINGS STILL GOING ON.—In any case to which this subsection applies, if paragraph (2) does not apply, the partner shall be a party to the proceeding unless such partner elects—

(A) to have a settlement agreement * * * with respect to the partnership taxable year to which the proceeding relates apply to the partner, or

(B) to have the partnership items of the partner for the partnership taxable year to which the proceeding relates treated as nonpartnership items.

Petitioner counters that section 6223(e) (subsection (e)) by its terms does not apply here and, given a clear violation of the 120-day requirement in section 6223(d), the FPAA must be considered invalid in order to avoid the inequity of a wrong without a remedy. Petitioner suggests two technical reasons for the inapplicability of subsection (e), both based on the fact that respondent violated the 120-day requirement for all of the Wind Energy partners.

Petitioner notes that section 6223(e)(1)(A), in setting out the general applicability of subsection (e), refers to the Secretary's failure to mail timely notice to "a partner." Petitioner reads this to imply an isolated omission by respondent, not a wholesale omission of all partners. Petitioner does not argue, however, that "a partner" in this context is synonymous with "one and only one partner," and with this we agree. It was surely not unforeseen by Congress that whatever circumstances would cause one partner to be overlooked might also operate to prevent two, three, or several partners from being mailed timely notice. Accordingly, we read the reference to "a partner" to mean simply that the remedial provisions of subsection (e) are applied partner by partner, in contrast to the generally controlling principle that the tax treatment of partnership items is determined at the partnership level. See sec. 6221.

In light of this narrow focus, we read subsection (e) as unconcerned with whether "a partner" was the only one deprived of notice or was but one of the entire set of partners, all of whom were so deprived.

Petitioner's second argument concerning the inapplicability of subsection (e) relates to the heading of paragraph (3) thereof: "Proceedings Still Going On." The parties agree that paragraph (2) "Proceedings Finished" of subsection (e) does not apply to any of the Wind Energy partners because the proceedings have not reached the stage required by that paragraph. Petitioner takes the additional step, however, of arguing that paragraph (3) cannot apply.

Specifically, petitioner reasons that the commencement notice was not timely for any of the Wind Energy partners and that, consequently, none of the Wind Energy partners, including the tax matters partner, has participated in an administrative proceeding. Without any partner participation, asserts petitioner, there can be no ongoing proceeding as contemplated by section 6223(e)(3). In short, petitioner argues that the Wind Energy partners do not qualify for relief under either of the operative paragraphs in subsection (e). We disagree.

Apart from petitioner's interpretation of "a partner," which we have already rejected, there is no dispute that the facts here fall literally within the terms of section 6223(e)(1)(A): "This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d)." Paragraph (3) of subsection (e), which petitioner finds inapplicable here because of its heading, is, we believe, worded as a backstop to collect what does not fit within paragraph (2), including the facts before us: "In any case to which this subsection applies, if paragraph (2) does not apply, the partner shall be a party to the proceeding unless such partner elects * * * [otherwise]." We will not read the heading of paragraph (3) to limit the plain meaning of the text. See *Barbados #6 Ltd. v. Commissioner,* 85 T.C. 900, 906 and n. 11 (1985).

Subsection (e) thus expressly grants relief to the Wind Energy partners for respondent's conceded transgression under the circumstances exemplified by this case. A fre-

quently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies. *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458 (1974). We are not inclined to read into the statute the result urged by petitioner, to wit, an invalid FPAA.

A closer examination of section 6223, particularly the interaction of subsections (d) and (e), reinforces our position. As discussed in detail below, section 6223 views a commencement notice under the circumstances of this case as being mailed too late rather than the FPAA as being mailed too early. In our view, an invalid FPAA would be an anomalous and inappropriate result when the basis of petitioner's argument is timeliness and section 6223 fails to treat the FPAA as untimely.

Subsection (e) applies when respondent fails to mail "any notice specified in subsection (a)" within the period specified therefor. Sec. 6223(e)(1)(A). Subsection (a) of section 6223 refers to both a commencement notice and an FPAA. Sec. 6223(a)(1) and (2). Therefore, the relief provisions of subsection (e) are directed to both untimely commencement notices and untimely FPAAs.

Subsection (e) cross-references section 6223(d) for the determination of whether a notice is timely. Sec. 6223(e)(1)(A). A commencement notice is required to be mailed "not later than the 120th day before the day on which" the FPAA is mailed to the tax matters partner. Sec. 6223(d)(1). This requirement could arguably be viewed as defining either a timely commencement notice or a timely FPAA. (Although petitioner sometimes refers to the commencement notice as untimely and other times refers to the FPAA as untimely, they could not both be considered untimely for having less than the required 120-day spread between them. One or the other must be treated as a set reference point from which to count 120 days.) We note first that section 6223(d)(1) begins: "The Secretary shall mail the [commencement] notice" by a specified time, and this sentence structure alone indicates that a timely commencement notice rather than a timely FPAA is being described.

Furthermore, and perhaps more telling, if section 6223(d)(1) were read to define a timely FPAA, then no part of section 6223(d) would define a timely commencement notice. This omission would be inconsistent with section 6223(e)(1)(A) because, as already noted, both a commencement notice and an FPAA fall within "any notice specified in subsection (a)."

Accordingly, section 6223(d)(1) must relate to whether or not a commencement notice is timely. An apparently premature FPAA, which fails to respect the 120-day period, is not technically untimely and instead makes the earlier (or nonexistent) commencement notice untimely. Because the FPAA in question here is not considered untimely under section 6223, we will not adopt petitioner's position, grounded in section 6223(d)(1) timeliness, that the FPAA is invalid.

We recognize that "Any partner has the right to participate in any administrative proceeding relating to the determination of partnership items at the partnership level." Sec. 6224(a). Petitioner expands on this principle by maintaining that section 6223 was designed to offer important procedural safeguards to partners, the violation of which, at least under the circumstances here, cannot be adequately recompensed by subsection (e). According to petitioner, the policy justification for the 120-day period in section 6223(d) is to afford partners the time necessary to deliberate on an upcoming audit without the fear of hasty Government action to close the audit. In this regard, partners may need time to consider and vote on several matters, including an appropriate representative, whether to concede issues, whether to raise capital to retain counsel, and whether to consent to an extension of the statute of limitations.

Petitioner also contends that, as a practical matter, many eligible partners do not take advantage of the opportunity to elect out of partnership-level proceedings. Under section 6223(e)(3), partners have an option to elect out of the partnership-level proceeding and thereby have the partnership items for that partner converted to nonpartnership items subject to the normal deficiency procedures for nonpartners. Sec. 6223(e)(3)(B).

We need not decide whether subsection (e), if invoked by a Wind Energy partner, adequately compensates the partner for the alleged loss of procedural safeguards mentioned by petitioner. As we have noted elsewhere in regard to alleged unfairness surrounding the FPAA and its effect on this Court's jurisdiction:

Be that as it may, that is the procedure which the Congress has created, and we have no authority to rewrite the statute in order to change procedure and substitute our own idea of "fairness." If there is any such inequity, it is up to Congress to revise the law. * * * [Genesis Oil & Gas v. Commissioner, 93 T.C. 562, 566 (1989).]

In conclusion, we find that the FPAA which respondent issued to petitioner is not invalid on section 6223 timeliness grounds so as to deprive this Court of jurisdiction. Respondent's written motion for partial summary judgment seeks a determination that the FPAA was validly issued within the 3-year limitations period of section 6229(a). The only ground raised by petitioner in support of an invalid FPAA is respondent's failure to respect the 120-day period in section 6223(d). Having determined that the FPAA is not invalid on that basis, we will grant respondent's motion and deny petitioner's motion.

*An order denying petitioner's motion will be issued.*

*An order granting respondent's motion will be issued.*