**WHITE AND CASE, James B. Hurlock, Tax Matters Partner, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–718T.**

United States Claims Court.

April 5, 1991.

David Sachs, New York City, for plaintiff. Michael D. Hess and John T. Lillis, of counsel, New York City.

William K. Drew, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Petersen, for defendant.

## OPINION

LYDON, Senior Judge:

This TEFRA partnership readjustment case is before the court in an unusual procedural posture with regard to the court's jurisdiction over the subject matter of plaintiff's complaint.[1] Pursuant to an order of the court dated January 16, 1991,

both parties have submitted briefs on the issue of jurisdiction. Plaintiff's brief, filed February 27, 1991, urges the court to dismiss plaintiff's complaint for lack of jurisdiction, pursuant to RUSCC 12(h)(3).[2] Defendant, on the other hand, maintains that the court has jurisdiction over the complaint, in its brief filed February 28, 1991. Thereafter, both parties filed reply briefs, and since neither party desired oral argument, the issue presented by the briefs of the parties is ready for decision.

## FACTS

The facts pertinent to the jurisdictional issue presently before the court have been stipulated by the parties and are not in dispute. Plaintiff White & Case is a general partnership engaged in the practice of law, with its principal office in New York, New York.[3] In 1986, the taxable year in issue, plaintiff had seventy-two partners. Sometime between 1984 and 1986, the partnership established retirement plans for some of its partners. The dispute between the parties centers on the Service's proposed disallowance of all deductions taken by fifty-seven of the partners in 1986 for their retirement plan contributions.

On May 15, 1987, plaintiff filed a timely Form 1065, Partnership Return of Income, for its 1986 taxable year, which ended on September 30, 1986. On March 8, 1990, the Service mailed to plaintiff, on Form 872–P, a request to extend the statute of limitations with respect to the partnership's 1986 taxable year, pursuant to section 6229(a) of

1. The acronym "TEFRA" in this case refers to the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324. Section 402 of TEFRA enacted the partnership provisions at issue here, Internal Revenue Code sections 6221 through 6232. These provisions reflect a Congressional attempt to provide an administrative mechanism for determining the tax treatment of partnership items at the partnership level. The purpose of these administrative procedures is "to reduce the possibility of inconsistent and unfair treatment of the same partnership item, as well as to conserve limited judicial and IRS resources used in contesting the same substantive issues repeatedly with different partners." Ausness, *Partnership Level*

*Proceedings: Policies, Procedures and Planning,* 72 Ky.L.J. 89, 90 (1983).

2. Plaintiff brings its motion under RUSCC 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

3. The Internal Revenue Code defines a partnership as including "a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not ... a corporation or a trust or estate." 26 U.S.C. § 761(a).

the Internal Revenue Code (the Code).[4] The requested extension was limited to adjustments pertaining to the retirement plans and trusts for twenty named partners of White & Case. On March 27, 1990, the Service mailed to plaintiff another Form 872–P which corrected the prior date of December 31, 1987, and substituted December 31, 1991, as the date to which the extension was requested. On April 6, 1990, plaintiff sent the Service a letter declining to consent to an extension of the statute of limitations for the tax year 1986, and suggesting that the time for providing a notice of the beginning of administrative procedures had already expired for plaintiff's 1986 tax year. Plaintiff never entered into an agreement with the Service to extend the statute of limitations for the 1986 tax year.

On May 11, 1990, a Friday, the Service issued to plaintiff's tax matters partner (TMP) and to other 1986 partners a notice of beginning of administrative procedures at the partnership level (commencement notice) with respect to the taxable year 1986. Defendant concedes that no such notice was issued to plaintiffs on or before January 15, 1990. On the following Monday, May 14, 1990, the Service issued and mailed to the TMP a notice of Final Partnership Administrative Adjustment (FPAA), which is the partnership equivalent of a statutory notice of deficiency. On July 11, 1990, the Service mailed copies of the FPAA to other 1986 partners. In the FPAA sent to plaintiff, the Service proposed to disallow the entire amount of the 1986 contributions made by White & Case to the retirement plans for fifty-seven partners.

Section 6223(d) of the Code requires that the commencement notice be mailed to each notice partner at least 120 days before the FPAA is mailed to the TMP.[5] Since the Service did not mail the commencement notice at least 120 days before it mailed the FPAA, the Service notified plaintiff, on September 30, 1986, that all partners had the right to elect to treat partnership items as nonpartnership items for the purpose of any further partnership proceedings pursued by the Service or in court, pursuant to section 6223(e)(3)(B).[6] All of plaintiff's partners so elected, with the exception of the TMP.

Plaintiff, through its TMP, filed in this court on August 2, 1990 a petition for readjustment of partnership items for the taxable year 1986, pursuant to section

---

**4.** All statutory section references herein are to the Internal Revenue Code of 1986 (26 U.S.C.) unless otherwise noted.

**5.** A "tax matters partner" is usually a general partner who is designated to act for the partnership in partnership level administrative and judicial proceedings, and to receive notice for non-notice partners. *See* §§ 6231(a)(7), 6224(c)(3), 6226(a). A "notice partner" is a partner who is entitled to notice, including the TMP, and all partners in partnerships, such as White & Case, with fewer than 100 partners. *See* §§ 6223(a), 6231(a)(8).

**6.** Section 6223(e) provides, in pertinent part, as follows:

**(1) Application of subsection**
**(A) In general**
This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d).
....
**(2) Proceedings finished**
In any case to which this subsection applies, if at the time the Secretary mails the partner notice of the proceeding-

(A) the period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no such petition has been filed, or
(B) the decision of a court in an action begun by such a petition has become final, the partner may elect to have such adjustment, such decision, or a settlement agreement ... with respect to the partnership taxable year to which the adjustment relates apply to such partner....
**(3) Proceedings still going on**
In any case to which this subsection applies, if paragraph (2) does not apply, the partner shall be a party to the proceeding unless such partner elects—
(A) to have a settlement agreement ... with respect to the partnership taxable year to which the proceeding relates apply to the partner, or
(B) to have the partnership items of the partner for the partnership taxable year to which the proceeding relates treated as nonpartnership items.

6226(a).[7] Count I of plaintiff's complaint challenges the court's jurisdiction on the ground that the FPAA is invalid because it was not issued in compliance with the limitation period of sections 6223 and 6229. Plaintiff therefore seeks dismissal of its own suit, which could prevent the Service from assessing additional tax against its partners with respect to the partnership items at issue.[8]

## DISCUSSION

### A. The Statutory Scheme

A partnership is not liable as an entity for federal income taxes. However, the partnership must file an annual information return, Form 1065, to report items of partnership income, deduction and credit. These items are allocated among the partners, who must report their shares of partnership items on their individual tax returns. Until 1982, administrative and judicial proceedings regarding partnership items were conducted at the individual partner level. In 1982, Congress enacted Code sections 6221 through 6232 (TEFRA Partnership Provisions), which provide for administrative and judicial proceedings for adjustments in the tax treatment of partnership items at the partnership level.

### B. The Jurisdictional Issue

The issue before the court is whether the Service's issuance of the FPAA on May 14, 1990, only three days after the issuance of the commencement notice, renders the FPAA invalid under the statutory scheme, thus depriving the court of jurisdiction over plaintiff's complaint.

Plaintiff takes the position that the FPAA is invalid because it was issued fewer than 120 days after the issuance of the commencement notice. Plaintiff reads the 120–day notice requirement of section 6223 as, in effect, pushing back the statute of limitations by 120 days. Section 6229 sets forth a three-year statute of limitations during which time the Service may make partnership assessments. This section provides for the limitations period to expire on the later of the date the partnership return was filed, or the date it was due to be filed. Here, the partnership return was timely filed on May 15, 1987, and the limitations period expired on May 15, 1990. The FPAA was issued on May 14, 1990. The FPAA tolls the three-year statute of limitations for tax assessments of partnership items from the date it was mailed to the TMP. § 6229(d). Plaintiff argues that, because the commencement notice was not issued until May 11, 1990, there is no way the Service could issue a FPAA 120 days later and still remain within the three-year limitations period. The latest date the commencement notice could have been issued, asserts plaintiff, was January 15, 1990 in order for the Service to issue a timely FPAA 120 days later on May 15, 1990.

Plaintiff maintains that any other reading of the statutory scheme would be contrary to the legislative purposes of the TEFRA partnership provisions. Plaintiff asserts that Congress intended the 120 days between the commencement notice and the FPAA as a procedural safeguard for partners to attempt to resolve disputes with the Service before the FPAA is issued.

---

7. Section 6226(a) provides, in pertinent part:
   **(a) Petition by tax matters partner**
   Within 90 days after the day on which a notice of final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—
   (1) the Tax Court,
   (2) the district court ... or,
   (3) the Claims Court.
   ....
   Section 6226(f) sets forth the court's scope of judicial review: "A court with which a petition is filed in accordance with this section shall

have jurisdiction to determine all partnership items of the partnership for the taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners."

8. Plaintiff explains that, if the court finds it lacks jurisdiction to hear plaintiff's complaint because the FPAA is invalid, the Service would be unable to pursue any proceeding for the tax year 1986 against the partnership or against the partners who elected out of the partnership proceeding, because a valid FPAA is also a prerequisite to individual actions against the electing partners. § 6229(f).

The election-out provision of section 6223(e), plaintiff argues, does not substitute for this 120–day procedural safeguard, and it cannot have been Congress' intent to provide no more than this type of relief to an entirely overlooked partnership, such as White & Case.

In *Wind Energy Technology Associates III v. Commissioner*, 94 T.C. 787 (1990), the Tax Court confronted a strikingly similar argument on substantially similar facts. In that case, the FPAA was mailed seven days after the commencement notice, and apparently one day before the statute of limitations was due to expire. The Tax Court held that the Service's failure to comply with the 120–day notice requirement in section 6223(d) did not render the FPAA invalid, because the notice requirement pertains only to the timeliness of the commencement notice, not to the FPAA. The Tax Court carefully examined the language of section 6223, and concluded that "[a]n apparently premature FPAA, which fails to respect the 120–day period, is not technically untimely and instead makes the earlier (or nonexistent) commencement notice untimely." *Wind Energy, supra,* 94 T.C. at 793. To read the 120–day period as applying to both the commencement notice and to the FPAA, the court found, would render the provisions of section 6223 internally inconsistent. *Id.* Furthermore, the court found that the election-out option of section 6223(e) provides the exclusive remedy for partners when the Service fails to comply with the notice requirements of section 6223. With the election-out option, explained the court, the partner may elect to "have the partnership items for that partner converted to nonpartnership items subject to the normal deficiency procedures for nonpartners." *Wind Energy, supra,* 94 T.C. at 793. Thus, the court declined "to expand the coverage of [section 6223] to subsume other remedies." *Wind Energy, supra,* 94 T.C. at 792 (citing *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974)). In response to the taxpayer's argument that the election-out remedy does not adequately compensate the partners

for the loss of procedural safeguards inherent in the 120–day period, the Tax Court declined to view the 120–day period as a procedural safeguard, but stated in any event that it had no authority to change the statutory scheme enacted by Congress. *Wind Energy, supra,* 94 T.C. at 794.

The Tax Court's reasoning and analysis in *Wind Energy* appear to dispose of plaintiff's position with regard to the timeliness of the FPAA, and the propriety of the election-out remedy. Plaintiff urges the court not to follow the reasoning of *Wind Energy*, however, and points out that this court is not bound by, and need not follow, precedents of the Tax Court. Nevertheless, this court often places "significant weight" on the opinions of the Tax Court. *Somerville v. United States,* 13 Cl.Ct. 287, 290 (1987). With regard to the jurisdictional issue presently pending, the court finds no persuasive reason to disregard the carefully reasoned analysis of the Tax Court in *Wind Energy.* However, plaintiff attacks the *Wind Energy* decision on six grounds, which are considered below.

First, plaintiff maintains that treating section 6223(e) as the exclusive remedy for untimely notices would result in allowing partners to control subject matter jurisdiction, by having the option of electing out of the partnership proceedings. Although plaintiff is correct in stating that the court's subject matter jurisdiction is not subject to waiver by the parties, the statutory scheme indicates that the notice requirements of section 6223 pertain only to the timeliness of a commencement notice, and that these requirements are procedural, not jurisdictional. Section 6229 sets forth the limitations period during which time the Service may make partnership assessments, which is a jurisdictional requirement. The FPAA is timely if it is issued within the limitations period set forth in section 6229. *See Wind Energy, supra,* 94 T.C. at 793–94. As defendant points out, in a situation like the present, where the Service does not comply with the procedural notice requirements of section 6223, but the FPAA is timely issued within the three-year limitation period of section 6229, the

partners may elect to proceed under pre-TEFRA procedures, as they all did here, except the TMP. In this scenario, the Service loses the advantage of making adjustments at the partnership level that apply to all partners, but the statutory scheme does not suggest that the notice requirements of section 6223 cause the Service to lose its right to pursue partnership assessments.

Second, plaintiff argues that the *Wind Energy* holding allows the Service to intentionally disregard a mandatory statutory procedure, even though plaintiff assumes in the present case, as well as in *Wind Energy*, that the Service did not intentionally disregard the notice requirements of section 6223. Nevertheless, plaintiff argues that the Tax Court ignores the "shall mail" language of section 6223(a), which has the effect of giving the Service the option of mailing a notice or not. This argument fails to consider the fact that the Service's intent with regard to mailing notices is not pertinent to the statutory scheme. If the Service fails to comply with section 6223(a) procedural requirements for notice, section 6223(e) provides partners with an "election-out" remedy. The question of intent has no bearing on whether section 6223's notice requirements are procedural or jurisdictional.

Third, plaintiff argues section 6223(e) cannot be the exclusive remedy for untimely notice because that section applies to issuance of the FPAA as well as the commencement notice, and if section 6223(e) were applied as the sole remedy, it would negate the statute of limitations in section 6229 in a situation where the FPAA is not timely mailed to any partner. Therefore, plaintiff argues, the only sensible construction of the statutory scheme is to apply the remedy of section 6223(e) only where both notices have been timely issued at least with respect to the TMP, but other partners have been overlooked. However, this argument misconstrues the coverage of the statutory scheme. Section 6229, not section 6223, provides the time limit for issuing the FPAA to the TMP. Section 6223 only applies to the timeliness of commencement notices, as discussed above. *See Wind Energy, supra.* The three-year limitations period contained in section 6229 is jurisdictional, and cannot be reduced by any procedural notice requirements contained in section 6223.

Fourth, plaintiff argues that treating section 6223 as the exclusive remedy for untimely notice permits all partners to elect out of the partnership proceeding, in which case there would be no partnership proceeding at all, which is contrary to the statutory language. Plaintiff points to the language of section 6223(e), which contemplates in two subheadings either a "finished proceeding" or an "ongoing proceeding." Therefore, plaintiff concludes, Congress must have intended section 6223(e) as providing a remedy only for overlooked partners in the context of a validly instituted partnership level proceeding. However, it is equally likely that Congress did not contemplate the possibility that there would be no partnership level proceeding if all partners opted to elect out of such proceedings. Even in this case, the TMP did not elect out. Moreover, the Tax Court in *Wind Energy* rejected a substantially similar argument, by reasoning that the "ongoing proceeding" language of the subheading is merely a catch-all provision for all situations that do not fall within the "finished proceeding" category, and that this subheading does not operate to limit the plain meaning of the text. *Wind Energy, supra*, 94 T.C. at 791. The court sees no reason to differ with the Tax Court's reasoning on this point.

Fifth, plaintiff argues that treating section 6223 as the exclusive remedy for untimely notice results in giving the Service more audit time if it provides a late commencement notice rather than a timely one. Plaintiff reaches this conclusion by referring to section 6229(f), which gives the Service an additional year to pursue individual partners if a partner elects out under section 6223(e) due to an untimely notice of commencement. If the Service issues a timely notice of commencement, it has only 120 days to audit the partnership before it must issue the FPAA. Again, however, this argument has no bearing on the jurisdictional requirements of section

6229. Moreover, as defendant points out, if the Service delays in issuing a timely commencement notice, and if the partners elect out, the Service loses the advantage of conducting just one audit at the partnership level that is binding on all partners.

Finally, plaintiff argues that treating section 6223 as the exclusive remedy for untimely notice results in a windfall benefit to the Service, by extending the statute of limitations by three and one-half months. This argument, however, is premised on plaintiff's erroneous position that section 6223 notice requirements are jurisdictional. As discussed above, the notice requirements of section 6223 are procedural, not jurisdictional, and they do not affect the statute of limitations set forth in section 6229, which sets jurisdictional limits on the time in which the Service may issue a valid FPAA. The 120–day notice requirement of section 6223 does not operate to reduce the three-year statute of limitations by 120 days when the Service fails to issue a timely commencement notice. Therefore, no "windfall benefit" inures to defendant by treating section 6223 as the exclusive remedy for partners who fail to receive timely commencement notices.

As discussed above, the court is persuaded by the analysis and reasoning of the Tax Court as set forth in *Wind Energy* with regard to this jurisdictional issue. Therefore, the court finds that the FPAA was timely mailed within the three-year statute of limitations, and thus the statute of limitations is tolled, and has not expired, as plaintiff contends. The Service's commencement notice was not timely mailed to plaintiff, as it was mailed only three days prior to the mailing of the FPAA, but this does not affect the statute of limitations. Since the Service issued a valid FPAA which tolled the statute of limitations, the court has jurisdiction to hear plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, the court finds that it has jurisdiction to hear plaintiff's complaint. Therefore, Count 1 of plaintiff's complaint seeking dismissal of the complaint for lack of subject matter jurisdiction is dismissed. The parties are directed to advise the court, within thirty (30) days of the date of this opinion, as to the manner in which they intend to proceed with the remaining issues before the court. At the election of the parties, the parties are free to advise the court in this regard by way of a telephonic conference call with the court rather than by formal filing procedures.