RICHARD I. AND ELLEN A. MANAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manas v. Commissioner
Docket No. 13013-90
United States Tax Court
T.C. Memo 1992-454; 1992 Tax Ct. Memo LEXIS 477; 64 T.C.M. (CCH) 449; August 11, 1992, Filed Decision will be entered under Rule 155. For Petitioners: Howard W. Gordon. For Respondent: John F. Hernandez. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. By a notice of deficiency dated April 11, 1990, respondent determined deficiencies in petitioners' Federal income tax for tax years 1982, 1983, and 1984 as follows: Year
Deficiency
1982
$ 4,324
1983
2,434
1984
1,705
This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated by this reference. Petitioners resided in North Bay Village, Florida, when they filed their petition. After concessions, the only issue for decision is whether the expiration of the period of limitations bars assessment of petitioners' liability for tax attributable to partnership items for the years in question. Petitioners held a 2.475-percent partnership *478 interest in Fort Myers Office Center, Ltd. (the Partnership). On their Federal income tax returns, petitioners claimed their distributive share of losses from the Partnership for the years 1982, 1983, and 1984 in the following amounts: Year
Claimed Loss
1982
$ 20,135
1983
22,615
1984
6,746
Respondent determined that certain Partnership deductions should be disallowed as follows: Partnership Year
Deductions Disallowed or
Adjustments to Income
1982
$329,324
1983
251,722
1984
163,952
Respondent disallowed petitioners the following deductions with respect to each tax year: Year
Amount Disallowed
1982
$ 8,825
1983
6,230
1984
4,058
Given the fact that petitioners held a 2.475-percent interest in the Partnership, respondent concedes in the supplemental stipulation of facts that the amount of the disallowed deduction for 1982 should have been $ 8,150. The Partnership filed its initial return for the taxable period beginning October 14, 1982, and ending December 31, 1982, on April 15, 1983. In a notice dated September 17, 1984, respondent sent the Partnership's tax matters partner (sometimes referred to as the TMP) notice of the beginning of an *479 administrative proceeding for tax year 1982. In 1984, respondent was furnished the names and addresses of all partners, including petitioners. On March 13, 1985, respondent sent the Partnership's TMP notice of the beginning of an administrative proceeding for tax year 1983. Neither petitioners nor respondent has a copy of any notice to the partners of the beginning of the administrative proceeding for the Partnership's 1984 tax year. On July 4, 1985, respondent sent petitioners a notice of the beginning of an administrative proceeding at the partnership level for tax year 1983. Neither petitioners nor respondent has a copy of any notice sent to petitioners with respect to tax year 1982 or 1984. Prior to the expiration of the period of limitations for the assessment of income tax attributable to a partnership item for 1982 and 1983, the Partnership's authorized representative executed a series of 3 Forms 872-P, Consent to Extend the Time to Assess Tax Attributable to Partnership Items of a Federally Registered Partnership. These 3 consents operated to extend the period of limitations for assessment for tax years 1982 and 1983 until December 31, 1988. No consent was signed with *480 respect to tax year 1984. On March 23, 1988, a notice of Final Partnership Administrative Adjustment (the FPAA) was mailed by respondent to the Partnership's TMP; this notice dealt with tax years 1982, 1983, and 1984. No copy of the notice of FPAA was sent to petitioners by respondent before the 60th day after the mailing of the FPAA to the TMP as required by section 6223(a) and (d)(2). Respondent concedes that she failed to provide the partners with timely notice of FPAA under this provision. On May 30, 1989, three notices of FPAA concerning Partnership tax years 1982, 1983, and 1984 were mailed to petitioners and some other partners by respondent. Neither the TMP nor any other partner petitioned for a redetermination of the adjustments proposed in the notice of FPAA dated March 23, 1988. No partner who received the notice of FPAA dated May 30, 1989, petitioned for a redetermination of the proposed adjustments. On April 11, 1990, respondent issued the notice of deficiency which is the basis of the dispute in this case. Petitioners' position is that the notice is not timely. They feel that their refusal to make the election to have the FPAA apply to them should not have the *481 effect of extending the period of limitations for assessment with respect to them and that, if the statute so provides, it is unconstitutional. Petitioners argue that the notice of FPAA mailed to them on May 30, 1989, was an impermissible second notice within the meaning of section 6223(f). They further argue that even if such notice of FPAA was not a second notice, it is not timely for 1984, as the period of limitations expired 3 years after the filing of the Partnership return on April 15, 1985. In this case, we must resolve a question concerning the interrelationship of the notice requirements concerning the unified partnership proceedings and the period of limitations for assessment with respect to partnership items. Specifically, we address the question of whether under the facts of this case respondent's failure to provide partners with a timely notice of FPAA, as required by section 6223(a) and (d)(2), has any impact upon the period of limitations for assessment. For the reasons stated below, we conclude that the notice of deficiency was timely for tax years 1982, 1983, and 1984. In the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. *482 324, Congress introduced a unified procedure whereby the tax treatment of partnership items is determined at the partnership level in a single proceeding at both the administrative and judicial levels. Secs. 6221 through 6233. These provisions apply to partnership taxable years beginning after September 3, 1982. TEFRA sec. 407(a)(3). Section 6229 governing the period of limitations in TEFRA partnership cases states that, except as otherwise provided in this section, the period for assessing tax attributable to a partnership item "shall not expire before the date" which is 3 years after the later of the date on which the partnership return was filed or the last day for filing such return. Sec. 6229(a). A partnership item is an item of income, loss, deduction, or credit with respect to a partnership which is more appropriately determined at the partnership level than at the partner level. Sec. 6231(a)(3). The statement that, except as otherwise provided, the period of limitations "shall not expire before" a date 3 years after the filing of the return provides for a minimum period. Such period may be extended, suspended, or otherwise affected as provided in section 6229. It *483 does not mean that the period shall, without exception, expire in 3 years. The 3-year period of assessment may be extended in a number of ways. For example, section 6229(b)(1)(B) provides that it may be extended for all partners in a partnership by the consent of the TMP. Section 6229(d) provides that the running of the limitations period is suspended from the date when the FPAA is mailed to the partnership's TMP for (1) the period during which an action may be brought for judicial review of the FPAA, and if such an action is brought, until the decision of the court becomes final, and (2) for 1 year thereafter. The period during which an action may be brought is typically 150 days. Sec. 6226(a) and (b); see sec. 7503. To say that the running of the period of limitations is "suspended" clearly implies that, after the suspension, any time remaining at the date of suspension is allowed to run before the period expires. Aufleger v. Commissioner, 99 T.C.     (1992). The final modification relevant to this case may occur if partnership items of any partner become nonpartnership items. Sec. 6229(f). A nonpartnership item is an item which is not a partnership item or which *484 is not treated as such. Sec. 6231(a)(4). In other words, such an item is determined with respect to the partner individually, not as part of an FPAA, and the normal deficiency procedures rather than the TEFRA procedures apply: If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items. * * * [Sec. 6229(f).] Contrary to petitioners' contention, the application of section 6229(f) does not require the partners' consent. As applied to this case, it requires (1) that the notice of FPAA be mailed to the partner before the expiration of the limitations period otherwise provided in section 6229, and (2) that the partner not have made the election to have the FPAA apply to him or her. *485 The conversion of partnership items into nonpartnership items, specified in section 6231(b)(1)(D), cross-referencing section 6223(e), takes place when any notice which respondent is required to provide under the TEFRA procedure is not timely. Under section 6223(e), the treatment depends upon whether, at the time when notice is mailed to the partners, the partnership proceedings are still going on or are finished. In this case, the proceedings were finished. With exceptions not relevant to this case, respondent is required to provide partners in a partnership subject to the TEFRA partnership-level audit proceeding with notice of the beginning and the end of such an administrative proceeding. Sec. 6223(a). Respondent failed to provide petitioners with notice of the beginning of administrative proceeding (NBAP) for tax years 1982 and 1984. No NBAP was apparently provided to the partners for tax year 1984. The dispute here, however, concerns only the effect of respondent's May 30, 1989, mailing of the notice of FPAA to petitioners after the expiration of the 60-day period specified in section 6223(d)(2). For purposes of this case, the relevant portions of section 6223(e) provide *486 that if a partner receives notice of the FPAA after the proceedings are finished, the partner may elect to have the FPAA apply to him. If the partner makes no election, the partnership items are treated as nonpartnership items as to him. Sec. 6223(e)(2). Section 301.6223(e)-2T(a)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987) provides that the partnership items become nonpartnership items as of the day on which respondent mails the partner notice of the proceeding. As stated above, if the notice of FPAA is sent to the partner before the limitations period for the partnership year expires, the limitations period "shall not expire before the date which is 1 year after the date on which the items become nonpartnership items". Sec. 6229(f). The limitations period for partnership items with respect to the Partnership's tax years 1982 and 1983 had been extended by consent of the Partnership's authorized representative until December 31, 1988. Sec. 6229(b)(1)(B). No consent was executed with respect to tax year 1984. The FPAA, mailed March 23, 1988, was issued within the period of limitations, as extended, for the Partnership's tax years 1982 *487 and 1983 and within 3 years of the due date of the return for the Partnership tax year 1984. Section 6229(d) provides, as previously noted, that when an FPAA is issued, the running of the period of limitations is suspended for the period during which a partnership action may be commenced and for 1 year thereafter. The running of the remaining period of limitations then resumes. Aufleger v. Commissioner, supra. For the Partnership's tax years 1982 and 1983, section 6229(d), in conjunction with the Partnership's consents, operated to extend the period of limitations until at least August 20, 1989. [1] For taxable year 1984, section 6229(d) operated to extend the period of limitations until September 12, 1989. On May 30, 1989, respondent mailed the FPAA for all 3 taxable years *488 to petitioners. As stated above, section 6229(f) provides that the period of limitations shall not expire for 1 year after the day the partnership items become nonpartnership items, in this case May 30, 1989, the date on which respondent mailed petitioners the notice of FPAA. Thus, the period of limitations for assessment of a deficiency with respect to petitioners' Partnership items would have expired on May 30, 1990. The notice of deficiency was mailed to petitioners on April 11, 1990, and was timely for all 3 years in question. As we have demonstrated, the "statutory period" to which petitioners refer on brief extended to May 30, 1990. Contrary to petitioners' contention, their consent was not required for the modification of the period of limitations under section 6229(f). Petitioners' only available election, under the facts of this case, was to have the terms of the FPAA apply to them; in default of the election, the partnership items became nonpartnership items with respect to them on the date on which the FPAA was mailed, and the limitations period was modified as provided for in section 6229(f). We held in Wind Energy Technology Associates III v. Commissioner, 94 T.C. 787 (1990), *489 that the election provided in section 6223(e) is the only remedy when respondent does not provide notice of the beginning of a partnership proceeding as required in section 6223(a)(1) within the period specified in section 6223(d)(1). The same conclusion applies when notice under section 6223(a)(2) is untimely under section 6223(d)(2), provided that such notice is mailed within the applicable period under section 6229. Accord White & Case v. United States, 22 Cl. Ct. 734, 740 (1991) (holding that the notice requirements of section 6223 are procedural, not jurisdictional, and they do not affect the statute of limitations set forth in section 6229). Consequently, the notice of deficiency mailed to petitioners was timely. Petitioners' contention is that the notice of FPAA mailed on May 30 was an invalid "second notice". Section 6223(f) provides that if a notice of FPAA is mailed with respect to a partner, respondent may not mail another such notice to such partner with respect to the same taxable year and partnership "in the absence of a showing of fraud, malfeasance, or misrepresentation of a material fact". The regulations state that section 6223(f) "does *490 not prohibit the Service from issuing a duplicate copy of the notice of final partnership administrative adjustment (for example, in the event the original notice is lost)". Sec. 301.6223(f)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987). This Court held in Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 907 & n.13 (1985), that mailing of a duplicate notice does not constitute a second notice proscribed by section 6223(f). Cf. Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989) (calling such a notice a "duplicate original"). It is clear to us that the term "another such notice" in section 6223(f) refers not to a duplicate of the first notice but to a notice of a second determination. Petitioners argue that section 6229(f), which gives respondent an additional year after mailing the FPAA to mail a deficiency notice to them, is unconstitutional as lacking in a rational basis. This argument is not worthy of serious consideration. Essentially, petitioners feel that it is unfair that the period of limitations may be modified without their consent; that by delaying the mailing of the FPAA to the partners, *491 respondent obtained more time in which to send a deficiency notice than she would have had if the partners' notices of FPAA had been sent within the period specified in section 6223(d)(2). As we have noted elsewhere in regard to alleged unfairness surrounding the FPAA:
Be that as it may, that is the procedure which the Congress has created, and we have no authority to rewrite the statute in order to change procedure and substitute our own idea of "fairness." If there is any such inequity, it is up to Congress to revise the law. * * * [Genesis Oil & Gas v. Commissioner, 93 T.C. 562, 566 (1989).] For the operation of section 6229(f), see Aufleger v. Commissioner, 99 T.C.     (1992); Harvey v. Commissioner, T.C. Memo. 1992-67. For the reasons stated above, we hold that the notice of deficiency mailed to petitioners for tax years 1982, 1983, and 1984 was timely. Decision will be entered under Rule 155. Footnotes
1. Since the FPAA was sent to petitioners before Aug. 20, 1989, we need not reach the question of whether sec. 6229(d)↩ also operated to suspend the running of the period set forth in the consents to extend the period of limitations.