MESERVE DRILLING PARTNERS, Regional Resources, Inc., f.k.a. R & R Energy Inc., Tax Matters Partner, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, SERVICE, Respondent–Appellee.

COLUMBIA ENERGY FUND 1982, Regional Resources, Inc., f.k.a. R & R Energy, Inc., Tax Matters Partner, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, SERVICE, Respondent–Appellee.

Nos. 96–70194, 96–70195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1997.

Decided Aug. 20, 1998.

---

Robert B. Martin, Jr., Martin & Hudson, Pasadena, California, for petitioners-appellants.

Gary R. Allen, Department of Justice, Washington, DC, for respondent-appellee.

Gary D. Gray, Washington, DC, for respondent-appellee.

Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges.

PER CURIAM.

Two partnerships appeal the Tax Court's denial of their motion to dismiss for lack of subject matter jurisdiction. We affirm.

On March 18, 1986 and March 28, 1996, the Commissioner of Internal Revenue mailed to Meserve Drilling Partners and Columbia Energy Fund notices of a "Final Partnership Administrative Adjustment" (FPAA), determining adjustments to "Partnership Items" in their income tax returns.[1] The Partnerships filed timely petitions for readjustment along with motions to dismiss for lack of jurisdiction because the regulation defining the term "Partnership Item" had not been adopted when the FPAAs were mailed, and thus no Partnership Items existed. The Partnerships argued the subsequently enacted regulation could not retroactively confer jurisdiction on the Tax Court. The Tax Court denied the motions, explaining it had jurisdiction when the Commissioner mailed a valid FPAA and the eligible partner filed a timely petition with the Tax Court seeking readjustment of the Partnership Items.

The Tax Treatment of Partnership Items Act of 1982, Pub.L. No. 97–248, Title IV, 96 Stat. 648 (codified at 26 U.S.C. §§ 6221–6233) was adopted to deal with administrative problems experienced by the Internal Revenue Service in auditing partnerships returns. Prior to the 1982 Act, partnership income had passed directly to the partners who were taxed individually. Any error in the calculation of partnership income required examination of each partner's tax return. Under the 1982 Act, the tax treatment of items defined by regulation as "Partnership Items," *see* 26 U.S.C. § 6231(a)(3), are to be determined at the partnership level. *See id.* § 6221.[2]

■ If the Secretary determines a deficiency exists, he is authorized to send the

---

**1.** Meserve's adjustment to partnership items was $1,228,560 for 1982, and $171,721 for 1983. Columbia's adjustment to partnership items was $3,176,180 for 1982, and $1,059,673, for 1983. The Commissioner disallowed certain losses and deductions claimed by the partnerships for lack of a profit motive.

**2.** The Tax Court had "jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners." 26 U.S.C. § 6226(f). A "partnership item" is defined by statute: "with

taxpayer notice of the deficiency. *See id.* § 6212(a). As we have explained, "[t]he Tax Court has jurisdiction only when the Commissioner issues a valid deficiency notice, and the taxpayer files a timely petition for redetermination." *Scar v. Commissioner,* 814 F.2d 1363, 1366 (9th Cir.1987). It is undisputed that the Partnerships filed timely petitions for redetermination; the question is whether the Commissioner had issued valid notices of deficiency. The parties agree that the FPAAs served as notices of deficiencies; the question is whether the FPAAs were valid notices of deficiencies.

■ While "no particular form is required for a valid notice of deficiency," at a minimum, the Commissioner must indicate "the IRS has determined the amount of the deficiency." *Scar,* 814 F.2d at 1367 (citation and internal quotations omitted). We have held that notices of deficiency are valid when the notices make "absolutely clear that the Commissioner did examine appellants' returns, and did at least *consider* appellants' deductions." *Clapp v. Commissioner,* 875 F.2d 1396, 1402 (9th Cir.1989). The FPAAs issued in this case refer specifically to the Partnerships returns and explain why claimed losses were disallowed. Thus, it is

clear from the FPAA that the Commissioner did examine the Partnerships' returns and did consider the claimed losses, although disallowing some of them. The FPAAs are, therefore, valid notices of deficiency.[3]

The Partnerships contend that the notices are invalid because the regulation defining Partnership Items was not adopted until after the FPAAs were mailed, and the FPAAs could not make a valid determination based on Partnership Items that had not been defined by regulation.

■ When the final regulation defining Partnership Items was issued, treasury regulations were presumptively retroactive. Under the statute in effect when the Commissioner issued the FPAAs, "[t]he Secretary may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect."[4] 26 U.S.C. § 7805(b) (1988). As we have noted, " § 7805(b) gives the Commissioner *broad discretion* in delimiting the extent, if any, to which a regulation will be retroactively applied." *Likins–Foster Honolulu Corp. v. Commissioner,* 840 F.2d 642, 647 (9th Cir.1988) (emphasis added). Moreover, proposed regulations published in 1983 were substantively very similar to the final regulations adopted in 1986,[5] and stated

---

respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." *Id.* § 6231(a)(3). "Nonpartnership items" are those items that are not partnership items. *Id.* § 6231(a)(4). A tax matters partner has ninety days from the date on which an FPAA is mailed to file a petition with the Tax Court. *Id.* § 6226(a)(1).

3. The Partnerships argue the FPAAs issued were invalid under *Scar.* In *Scar,* we held the Commissioner had not issued a valid notice of deficiency because the notice revealed on its face that the Commissioner had not made a determination of deficiency. *See Scar,* 814 F.2d at 1367. The Commissioner had sent a notice of deficiency that was not based upon the taxpayer's returns, and the amount of the deficiency was based upon the arbitrary selection of the maximum tax rate. The deductions the Commissioner disallowed arose from a tax shelter with which the taxpayers had no connection. *See id.* at 1368. We held the "Commissioner must consider information that relates to a particular taxpayer before it can be

said that the Commissioner has 'determined' a 'deficiency.' " *Id.* Since the Commissioner had not met this minimum substantive requirement, the notice was invalid. We have subsequently explained, however, that *Scar* was limited to those instances in which the "notice of deficiency reveals *on its face* that the Commissioner failed to make a determination." *Kantor v. Commissioner,* 998 F.2d 1514, 1521–22 (9th Cir.1993) (quoting *Clapp,* 875 F.2d at 1402) (internal quotation marks omitted). The Commissioner did make a determination in this case.

4. 26 U.S.C. § 7805(b) was amended in 1996, but the amended statute does not apply to regulations promulgated before July 30, 1996. *See* Taxpayer Bill of Rights 2, Pub.L. No. 104–168, § 1101(b), 110 Stat. 1452, 1469 (1996). The regulation at issue here became final on April 18, 1986. *See* Definition of Partnership Item, 51 Fed.Reg. 13212, 13214 (1986).

5. *Compare* Definition of Partnership Item, 51 Fed.Reg. 13212, 13214 (1986) (final regulations) *with* Definition of Partnership Item, 48 Fed.Reg. 1759, 1759 (1983) (proposed regulations).

"[t]he regulations are proposed to apply with respect to partnership taxable years beginning after September 3, 1982."[6] Since the Partnerships had access to the proposed regulations defining Partnership Items and providing for retroactive effect for over three years before the Commissioner mailed the Partnerships' deficiency notices, and the final regulations did provide they were to be applied retroactively,[7] the Partnerships' protest against retroactive application is hardly persuasive.

"The decision of the Commissioner, the delegate of the Secretary, to make a ruling or regulation retroactive is reviewed for an abuse of discretion." *Redhouse v. Commissioner*, 728 F.2d 1249, 1251 (9th Cir.1984) (citing *Automobile Club of Michigan v. Commissioner*, 353 U.S. 180, 184, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957)); *see also Chock Full O' Nuts Corp. v. United States*, 453 F.2d 300, 302 (2d Cir.1971). The Commissioner abuses his discretion if giving retroactive effect to a regulation produces an unduly harsh result for an individual taxpayer. *See Likins–Foster*, 840 F.2d at 647. "Reliance on settled law or on a specific, favorable ruling constitutes evidence of a harsh result." *Id.* (citing *Redhouse*, 728 F.2d at 1252).

The Partnerships have not argued applying the regulation retroactively changes settled law[8] or is unduly harsh to them. Rather, the Partnerships argue the Commissioner of Internal Revenue has no power, and hence no discretion, to alter the jurisdiction of the Tax Court by retroactive administrative action. As we have said, the statute plainly provided that a regulation would be retroactive unless the Commissioner determined the regulation should not have retroactive effect. The regulation was a routine exercise of the Commissioner's statutory authority.

AFFIRMED.

---

6. Definition of Partnership Item, 48 Fed.Reg. 1759, 1759 (1983).

7. Treasury Regulation § 301.6231(a)(3)–1 applies "with respect to partnership taxable years beginning after September 3, 1982." Treas. Reg. § 301.6231(a)(3)–1(d) (1986).

---

8. The regulation does not change the substantive tax treatment of the items, but merely the way in which the tax of the item is administered.