T.C. Memo. 2015-168

UNITED STATES TAX COURT

GREEN GAS DELAWARE STATUTORY TRUST, METHANE BIO, LLC, TAX
MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26965-09.                    Filed August 24, 2015.

Jenny Louise Johnson, Guinevere M. Moore, and Elizabeth K. Blickley, for

petitioner.[1]

Richard Nichols (an officer), for petitioner.

Stephen A. Haller, David L. Zoss, Michael T. Shelton, Karen O. Myrick, and

John Schmittdiel, for respondent.

---

[1]Jenny Louise Johnson, Guinevere M. Moore, and Elizabeth K. Blickley
represented petitioner at trial and for briefing.  On July 23, 2015, a motion to
withdraw was filed by counsel for petitioner, which the Court granted on August
14, 2015.

[*2]                          MEMORANDUM OPINION

LARO, Judge:  This case is a partnership-level proceeding subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648, and is before the Court on petitioner's motion to dismiss for lack of jurisdiction. Petitioner, Methane Bio, LLC, the tax matters partner (TMP), asserts that respondent's notice of final partnership administrative adjustment (FPAA) issued to Green Gas Delaware Statutory Trust (Green Gas) for the 2005 taxable year is invalid, and accordingly, that this case should be dismissed for lack of jurisdiction. Respondent objects to petitioner's motion and counters that the FPAA is valid and thus this Court properly has jurisdiction.  We will deny petitioner's motion to dismiss for lack of jurisdiction.

## Background

The facts in this background section are obtained from the parties' first stipulation of facts, the exhibits submitted therewith, and the pleadings.  The TMP commenced this case by timely filing a petition for readjustment of partnership items under section 6226[2] on November 13, 2009.  When the TMP filed the

_____

[2]Unless otherwise stated, section references are to the Internal Revenue Code (Code) in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] petition, Green Gas had the same Wilmington, Delaware, address for its place of business and its tax returns.[3] This case is set for trial in Chicago, Illinois, on November 16, 2015.

Green Gas is a statutory trust formed under Delaware laws and elected to be taxed as a partnership. Green Gas timely filed its 2005 Form 1065, U.S. Return of Partnership Income, on April 17, 2006. On September 7, 2006, respondent received Green Gas' amended Form 1065. The amended return and the original return were substantially the same except that the amended return contained a Form 8907, Non-Conventional Source Fuel Credit (FNS credit), with a corresponding schedule setting forth the FNS credits by landfill location and amended Schedules K-1, Partner's Share of Income, Deductions, Credits, etc. Green Gas claimed $5,398,203 of FNS credits on its 2005 Form 1065 pursuant to section 29 (now section 45K). These tax credits relate to the production of fuel from landfill gas generated at 23 separate landfills. On March 4, 2009, a revenue agent (RA) requested Green Gas' original 2005 Form 1065, which was received on March 30, 2009.

On August 10, 2009, respondent issued a notice of beginning of administrative proceeding (NBAP) regarding Green Gas' 2005 taxable year. The

_____

[3]The record does not definitively establish the location of Green Gas' principal place of business at the time the petition was filed.

[*4] NBAP informed Green Gas that respondent was beginning a partnership-level audit of its 2005 Form 1065.  On August 20, 2009, respondent concluded the administrative proceeding by mailing the FPAA to Green Gas.  The FPAA's "Schedule of Adjustments" disallowed $4,947,843 of the originally claimed FNS credit of $5,398,203, leaving $450,360 for Green Gas to claim on its 2005 Form 1065, and showed net income of $7,797, with no adjustments to its respective income or deductions.  The FPAA stated that the disallowed portion of the FNS credits did not result from sales of qualified fuel generated from the landfills to unrelated third parties.  It also explained that Green Gas failed to provide substantiation to support the disallowed FNS credits and that the TMP would receive a report outlining these adjustments.

Green Gas' only communication with respondent regarding the audit for the 2005 taxable year was receiving the NBAP and the FPAA.  Respondent did not meet with a representative of Green Gas, nor was any request made of Green Gas to provide documentation, access to witnesses, or any other information before issuing the FPAA.

Petitioner sets forth two arguments, each with two contentions in support thereof, to demonstrate that the FPAA is invalid and thus this Court lacks jurisdiction.  First, petitioner argues that respondent failed to meet the minimum

[*5] statutory requirements for an administrative proceeding. The first contention claims that respondent violated the 120-day timeframe under section 6223(d) by issuing the FPAA 10 days after the NBAP and thus invalidated the FPAA by denying Green Gas a proper administrative proceeding. The second contention is that section 6224 provides Green Gas with the right to meet with respondent before issuance of the FPAA.

Petitioner's second argument states that even if a proper administrative proceeding occurred, the FPAA failed to determine the tax treatment of Green Gas' 2005 partnership items as required by TEFRA. The first contention is that respondent did not determine, and could not have determined, that the FNS credits should be disallowed because of a lack of substantiation that was never requested from Green Gas. The second contention is that the FPAA is invalid on its face according to the "Scar" line of cases for the same lack of substantiation reasoning mentioned immediately above. See Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987) (a notice of deficiency is invalid if it reveals on its face that the Commissioner failed to make a determination that relates to a particular taxpayer), rev'g 81 T.C. 855 (1983).

Respondent asserts that the FPAA is valid and that a proper administrative proceeding occurred. Respondent argues that the adjustment resulted from an

**[*6]** appropriate determination and that the FPAA is not invalid on its face. Respondent's position is based on the following factors: (1) the issuance of the FPAA shortly after the NBAP does not invalidate the FPAA; (2) section 6224 does not impose a formal hearing requirement before the Commissioner issues an FPAA; (3) respondent considered petitioner's 2005 Form 1065 before issuing the FPAA; (4) the only allowable FNS credits were from landfills where there were qualifying sales of fuel to unrelated third parties;[4] (5) Green Gas failed to provide documentation to support the disallowed FNS credits; and (6) respondent's determinations made in the FPAA allowed a portion of the FNS credits claimed on Green Gas' 2005 Form 1065, thereby demonstrating that consideration was given rather than the entire amount's being summarily rejected.

---

[4]Respondent also audited returns and issued FPAAs to Green Gas for the 2006 and 2007 taxable years on similar grounds. Green Gas' 2005 FPAA piggybacks on respondent's determinations in connection with the 2006 and 2007 FPAAs. Respondent believes that if these issues existed for 2006 and 2007, they may also have existed for 2005.

**[\*7]**                                              Discussion

Jurisdiction[5] is a fundamental question that this Court must address before it

may decide a case.  Stewart v. Commissioner, 127 T.C. 109, 112 (2006).  This

Court generally has jurisdiction over a partnership case commenced under section

6226 if:  (1) a valid FPAA was issued by the Commissioner and (2) a petition was

timely filed with this Court relating to the FPAA by the TMP or another eligible

partner.  Rule 240; see Harbor Cove Marina Partners P'ship v. Commissioner, 123

T.C. 64, 78 (2004).  Respondent issued an FPAA to Green Gas on August 20,

2009.  Petitioner timely filed its petition on November 13, 2009.  Petitioner is

challenging the validity of the FPAA, which is a prerequisite for this Court's

jurisdiction.  Thus, we must address petitioner's two previously mentioned

arguments, and each of the two contentions in support thereof, before we can

determine whether our jurisdiction is proper.

---

[5]Petitioner pleads that the period of limitations implicates this Court's jurisdiction.  We have repeatedly held and the Courts of Appeals have affirmed in result that the period of limitations is an affirmative defense that does not implicate this Court's jurisdiction.  Rule 39; Davenport Recycling Assocs. v. Commissioner, 220 F.3d 1255, 1259-1260 (11th Cir. 2000), aff'g T.C. Memo. 1998-347; Chimblo v. Commissioner, 177 F.3d 119, 125 (2d Cir. 1999), aff'g T.C. Memo. 1997-535; Robinson v. Commissioner, 57 T.C. 735, 737 (1972).  Petitioner's argument that the period of limitations invokes a jurisdictional issue is mistaken.  In an order dated June 7, 2010, regarding petitioner's motion for judgment on the pleadings, we held that the period of limitations is not directly applied to a TEFRA partnership and recognized petitioner's concession that the period of limitations is open for some indirect partners.

**[*8]** A.      <u>Administrative Proceeding</u>

We begin with petitioner's first argument. Petitioner argues that respondent failed to meet the minimum statutory requirements for an administrative proceeding. Petitioner asserts in its first contention that respondent failed to comply with the 120-day timeframe under section 6223(d).

    1.      <u>Section 6223 Notice Requirements</u>

TEFRA requires that the Commissioner notify the TMP of the beginning of a partnership-level administrative proceeding by issuing an NBAP and of the conclusion of an administrative proceeding by issuing an FPAA. Sec. 6223(a). Section 6223(d) provides that the Commissioner shall mail the FPAA at least 120 days after the NBAP is issued. Both parties in this case agree that the NBAP was not issued 120 days before the FPAA. Petitioner argues that because the NBAP was untimely, the resultant FPAA was fatally defective. The NBAP was indeed untimely, but the issuance of an FPAA shortly after an untimely NBAP does not invalidate the FPAA. <u>Wind Energy Tech. Assocs. III v. Commissioner</u>, 94 T.C. 787, 791-794 (1990); <u>see also</u> <u>Bedrosian v. Commissioner</u>, 143 T.C. 83, 95 (2014) (stating that the Commissioner's failure to adhere to the 120-day timeframe means that the NBAP is untimely but does not invalidate either notice); sec. 301.6223(e)-2(a), Proced. & Admin. Regs. (failure to issue either notice within the 120-day

[*9] timeframe does not invalidate either notice). We hold that the notice requirements under section 6223 do not invalidate the FPAA issued 10 days after the issue date of the NBAP.

### 2. Section 6224 Participation Rights

As stated earlier, petitioner's second contention is that Green Gas' participation rights are independent of the notice rights afforded by section 6223 and required for an administrative proceeding to be proper pursuant to section 6224. Petitioner's argument is not novel. In Wind Energy Tech. Assocs. III v. Commissioner, 94 T.C. at 791-793, the Commissioner did not provide Wind Energy Technology Associates III, or its partners, an opportunity to participate in the administrative proceeding before issuing the FPAA seven days after the NBAP. Section 6223(e) was held the exclusive remedy for a partner's inability to participate in an administrative proceeding because of noncompliance with the 120-day timeframe. Id. The taxpayer in that case put forth an argument similar to the one here regarding partner participation, but the Court noted that "when legislation expressly provides a particular remedy or remedies [section 6223(e)], courts should not expand the coverage of the statute to subsume other remedies." Id. at 792. It declined to determine whether section 6223(e) is adequate compensation for a partner's "alleged loss of procedural safeguards". Id. at 794. If

**[*10]** any inequity exists, however "'it is up to Congress to revise the law'" because courts should not rewrite the statutes or change the procedures by substituting their ideas of fairness. Id. (quoting Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 566 (1989)).

Respondent asserts that he does not have to follow any specific parameters when conducting a TEFRA audit, other than those required under statute. Petitioner is correct that any partner may participate in an administrative proceeding; however, petitioner's second contention that it is "entitled" to some degree of engagement or interaction with respondent before the FPAA is issued is improper. Sec. 6224(a); sec. 301.6224(a)-1(a), Proced. & Admin. Regs. This contention assumes Congress enacted legislation imposing a hearing or meeting requirement during a TEFRA examination before an administrative proceeding is considered proper. Petitioner has not informed us of any legal requirements setting forth such specific instructions for the conduct of a TEFRA audit.

If Congress wanted the Commissioner to conduct a meeting between or among the parties, it would have included such a requirement in the legislation. Instead, petitioner requests this Court to create a new prerequisite that the Commissioner must adhere to before issuing an FPAA. It is Congress' prerogative to establish such requirements. Congress has not done so.

**[*11]** Congress did provide a partner relief under section 6223(e) if the Commissioner fails to follow the notice requirements under section 6223. Relief under section 6223(e) depends upon whether the case is concluded or ongoing. A proceeding is concluded under section 6223(e)(2) if (1) the period to petition a court for review of an FPAA has expired and no petition was filed or (2) the decision of a court in an action begun by such a petition has become final. A concluded proceeding allows a partner to elect either to be bound by the decision or to treat the partnership items as nonpartnership items. A proceeding is ongoing under section 6223(e)(3) if it is not concluded under section 6223(e)(2). Section 6223(e)(3) provides that a "partner shall be a party to the proceeding unless such partner elects-- * * * [(1)] to have a settlement agreement * * * with respect to the partnership taxable year to which the proceeding relates apply to the partner" or (2) to treat a partner's partnership items for the taxable year as nonpartnership items. Section 6223(e) implies that Congress knew that partners might not always have an opportunity to meaningfully participate during a TEFRA examination. This demonstrates that Congress contemplated this situation because remedies for both concluded and ongoing proceedings exist.

We have jurisdiction to decide this case because petitioner timely filed its petition pursuant to a valid FPAA. Thus, we can determine whether this case is

[*12] concluded or ongoing for section 6223(e) purposes.  This case is set for trial on November 16, 2015.  We find that this case is ongoing.  Thus, the elections under section 6223(e)(3) are applicable.

We see no reason to disagree with the well-reasoned holding of this Court in Wind Energy Tech. Assocs. III or the statutory remedies provided by Congress in section 6223(e).  In our case, we hold that the inability of petitioner, or Green Gas' other partners, to engage or interact with respondent during the administrative proceeding does not invalidate the FPAA under the purported participation rights of section 6224.  Petitioner's second contention is mistaken.

B.    Determining the Tax Treatment of Partnership Items

We proceed to petitioner's previously stated second argument, that the FPAA did not properly determine the tax treatment of Green Gas' partnership items as required by TEFRA.  We now discuss petitioner's first contention, that respondent did not determine, and could not have determined, that the FNS credits should be disallowed because of a lack of substantiation that was never requested from Green Gas during the administrative proceeding.

1.    Proper Determination

An FPAA is the partnership equivalent of a notice of deficiency, and we therefore analyze an FPAA the same way we would analyze a notice of deficiency.

**[\*13]** <u>Sealy Power, Ltd. v. Commissioner</u>, 46 F.3d 382, 385-386 (5th Cir. 1995), <u>aff'g in part, rev'g and remanding in part</u> T.C. Memo. 1992-168; <u>Bedrosian v. Commissioner</u>, 143 T.C. at 107.  Generally, a notice of deficiency must (1) set forth the deficiency amount and (2) provide the applicable year.  <u>Sealy Power, Ltd. v. Commissioner</u>, 46 F.3d at 386.  The deficiency amount must be a "'thoughtful and considered determination'" and not "'a mere formal demand for an arbitrary amount as to which there * * * [is] substantial doubt'".  <u>Scar v. Commissioner</u>, 814 F.2d at 1369 (quoting <u>Couzens v. Commissioner</u>, 11 B.T.A. 1040, 1159-1160 (1928)).  The Commissioner must consider information specific to the taxpayer before determining a deficiency, rather than arbitrarily denying the entire amount of the taxpayer's deductions.  <u>Meserve Drilling Partners v. Commissioner</u>, 152 F.3d 1181, 1183 (9th Cir. 1998), <u>aff'g</u> T.C. Memo. 1996-72.  The Court typically does not look behind a notice of deficiency to question the motives or procedures that led to its issuance, and the Commissioner need not explain the method used to determine the deficiency.  <u>Scar v. Commissioner</u>, 814 F.2d at 1367; <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327-328 (1974).

Respondent asserts that there is no requirement to directly request documentation from a partnership as a condition precedent to making a valid determination.  Petitioner does not identify any statutory authority or caselaw to

[*14] the contrary. RA Lane declared in her declaration that respondent received third-party information that helped calculate the amount of FNS credits to disallow.[6]

The FPAA allegedly disallowed only the portion of the FNS credits that did not stem from qualifying fuel sales to unrelated third parties. This implies that respondent used information specific to Green Gas that resulted from a "thoughtful and considered determination" as to the amount disallowed. To examine the reasoning beyond this cursory inquiry involves respondent's explaining his method used in making his determination, which respondent need not do, and involves this Court's looking behind the FPAA, which we will not do. The FPAA is in accord with the minimum requirements for validity established by Sealy Power, Ltd. and Meserve Drilling Partners because it lists the specific adjustment amount derived from information specific to Green Gas, states a reason for the disallowance of the FNS credits, provides the applicable year, and examined the deductions even though none were disallowed. See cases cited supra p. 12. We

_____

[6]According to RA Lane's declaration, there were five landfills with regard to which Green Gas was entitled to receive, and thus received, some of the claimed FNS credits. The total FNS credits claimed and allowed in RA Lane's declaration match the total FNS credits claimed and allowed in the FPAA. We do not address the accuracy of this result in the declaration, but it supports a "thoughtful and considered determination" that was not arbitrary and did not cause substantial doubt.

[*15] find respondent made a proper determination that neither was arbitrary nor caused substantial doubt.

    2.    Apparent Invalidity

We now address petitioner's earlier stated second contention, that the FPAA is invalid on its face. Petitioner asserts that Green Gas lacked the opportunity to substantiate the FNS credits, even though the FPAA states on its face that it denied the FNS credits because Green Gas did not substantiate them.

In support of its position, petitioner relies on Scar and two of its progeny, Kong v. Commissioner, T.C. Memo. 1990-480, and Toll v. Commissioner, 940 F.2d 1536, 1991WL 138886, at *2 (9th Cir. 1991), aff'g in part, rev'g in part on another issue without published opinion Ewing v. Commissioner, 91 T.C. 396 (1988). The Court of Appeals for the Ninth Circuit held that the rules established in Scar apply "[o]nly where the notice of deficiency [or FPAA] reveals on its face that the Commissioner failed to make a determination". Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989); Scar v. Commissioner, 814 F.2d at 1366-1367; see Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993), aff'g. in part, rev'g in part on another ground T.C. Memo. 1990-380. In Scar v. Commissioner, 814 F.2d at 1363, the taxpayers received a notice of deficiency related to a partnership tax shelter with which they had no involvement. The

**[*16]** notice also revealed that the Commissioner had computed the tax due using the highest marginal tax rate without examining the return and without supplying any basis for the applicability of that rate. Id. at 1365. The Court of Appeals held that a notice of deficiency is invalid if it is clear from the notice itself that the Commissioner had not reviewed the taxpayers' return or otherwise made a determination of a deficiency with respect to the taxpayers' liability for the particular taxable year. Toll v. Commissioner, 1991 WL138886, at *2 (holding that a notice of deficiency is invalid on its face when it states a taxpayer's Federal tax return was unavailable for review); Scar v. Commissioner, 814 F.2d at 1368-1370; Kong v. Commissioner, T.C. Memo. 1990-480 (invalidating a notice of deficiency for the same reasons as in Scar, although the taxpayers did own an interest in the specified partnership).

Scar applies only in the narrowest of cases where the notice of deficiency on its face reveals that the Commissioner failed to make a determination, which is precisely what respondent argues. See Campbell v. Commissioner, 90 T.C. 110, 112-113 (1998). The premise of the apparent invalidity cases relied on by petitioner involves the Commissioner's not possessing or examining the taxpayer's tax return before issuing a notice of deficiency, arbitrarily denying the respective deduction, and assessing the highest tax rate on the adjustment. The facts here are

[*17] readily distinguishable from those in <u>Scar</u>. Green Gas timely filed its original 2005 Form 1065 on April 17, 2006. Respondent received Green Gas' amended Form 1065 on September 7, 2006. An RA requested the original 2005 Form 1065 on March 4, 2009, and respondent received Green Gas' original 2005 Form 1065 on March 30, 2009. These dates precede respondent's issuance of the FPAA on August 20, 2009. The FPAA's "Schedule of Adjustments" lists a claimed 2005 FNS credit of $5,398,203, with a corresponding adjustment of $4,947,843 and a claimed net income of $7,797 with no adjustment. The two amounts listed on the FPAA are identical to the amounts claimed on Green Gas' 2005 Form 1065. We do not believe that respondent could have included the precise amount of Green Gas' FNS credit and net income on the FPAA without first examining Green Gas' 2005 Form 1065.

In addition, respondent denied only a portion of the FNS credit that was not from sales to unrelated third parties. This is not an arbitrary reason for denial, but a reason wholly related to Green Gas. Respondent's possession, and likely examination, of Green Gas' 2005 Form 1065 combined with a specific reason for its denial demonstrates that the FPAA is not invalid on its face and is distinguishable from the cases establishing such standards. Petitioner's second

[*18] contention is mistaken. We hold that respondent made a determination with respect to Green Gas' 2005 tax year under TEFRA.

We hold that the FPAA is valid. Petitioner timely filed its petition, and therefore this Court has jurisdiction over this case. Section 6226(f) grants the Court jurisdiction to determine all partnership items for the taxable year to which the FPAA relates, not solely the items addressed therein.

## Conclusion

The Court has considered all of the parties' contentions and arguments made, and to the extent not discussed herein, we conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.