JULIUS K. CALDWELL and GEORGANN CALDWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caldwell v. Commissioner
Docket No. 15968-88
United States Tax Court
T.C. Memo 1990-236; 1990 Tax Ct. Memo LEXIS 243; 59 T.C.M. (CCH) 581; T.C.M. (RIA) 90236; May 14, 1990, Filed L. Roland Sturm, for the petitioners. Agnes Gormley, for the respondent. COLVIN, Judge. COLVIN
*816 MEMORANDUM FINDINGS OF FACT AND OPINION By statutory notice of deficiency dated March 31, 1988, respondent determined an $ 11,963 deficiency in petitioners' Federal income tax for 1984. At trial the parties announced concessions of all issues except the validity of the notice of deficiency. We treat the remaining matter as petitioners' motion to dismiss for lack of jurisdiction based on an invalid notice of deficiency on the ground that respondent failed to determine a deficiency. We hold that petitioners' reliance on , revg. , is misplaced because Scar is distinguishable, *244 and that the notice of deficiency in this case is valid. Petitioners are husband and wife who resided in Timonium, Maryland, when they filed their petition. They timely filed their Federal income tax return for calendar year 1984. On Schedule D of their return, petitioners claimed a capital loss described only as "loss part. LI1979" in the amount of $ 60,965. The $ 60,965 amount was the only entry on petitioners' Schedule D. Petitioners' income tax return does not provide any other description or explanation for the $ 60,965 loss. Petitioners did not claim any loss from Lauxmont Pacing Fillies in 1984. After unsuccessfully attempting to contact petitioners regarding their claimed loss, respondent issued a statutory notice of deficiency disallowing the $ 60,965 loss. Respondent refers to the "Schedule D loss on Lauxmont Pacing Fillies" on page 4 of the explanation of adjustments attached to the notice of deficiency. Taking into account the 60-percent capital gain deduction, the $ 60,965 disallowed loss resulted in an increase to income of $ 24,386. Petitioners argue that the statutory notice of deficiency is invalid because it erroneously labeled the disallowed loss as one *245 related to the Lauxmont Farms Partnership. Citing , petitioners point out that the notice specifically refers to a disallowance of a loss with respect to Lauxmont Farms Partnership. Petitioners argue that the claimed loss was related to an entity other than Lauxmont, thus, a determination was not made and the notice of deficiency is invalid. In Scar, the Commissioner sent a notice of deficiency to the taxpayers that disallowed deductions from a partnership with which the taxpayers had no connection at all, and also informed the taxpayers that the maximum tax rate was being applied to the adjustment because the issuing office did not have the taxpayers' return. It was clear from the face of the notice that the Commissioner had determined a deficiency without examining the taxpayer's return. The Ninth Circuit held that no determination of a deficiency had occurred within the meaning of section 6212(a), thus, the notice of deficiency was invalid. . The Scar case is distinguishable from this case because in Scar: (1) the Commissioner did not review the return before *246 issuing the notice of deficiency; (2) the notice of deficiency applied to an interest that the taxpayers did not own; and (3) the dollar amount that was adjusted was not on the return. None of these factors were present here. *817 We believe that the facts of this case are more like those in , affirming an unreported Order of this Court. In Clapp, the Ninth Circuit found that the Commissioner examined the returns at issue and considered the taxpayers' deductions before disallowing them. The court also found that an arbitrary tax rate was not used to determine the deficiencies. The court held that the taxpayers did not show that the IRS failed to determine a deficiency. ; see also . Here, it is clear that the Commissioner examined the return and determined a deficiency by disallowing a deduction. We are not convinced that respondent gave improper notice of the determination, the amount of the deficiency, or the taxable year to which the determination was applicable. Section 6212(a); *247 , affd. in part, vacated in part on other grounds , cert. denied . Accordingly, we hold that the notice of deficiency issued in this case is valid. To reflect the foregoing and concessions of the parties, An order denying petitioners' motion to dismiss will be issued and decision will be entered under Rule 155.