153 T.C. No. 5

UNITED STATES TAX COURT

U.S. AUTO SALES, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20050-12.                    Filed October 28, 2019.

R issued to P an 11-page document purporting to be a notice of deficiency, dated May 15, 2012 (May notice), for P's taxable years ending (TYE) June 30, 2003 and 2007, wherein R purportedly determined deficiencies of $24,480 and $30,668, respectively. The first four pages of the May notice identify P as the taxpayer, while the last seven pages identify a separate corporation, related to P, as the taxpayer. On Aug. 10, 2012, P timely petitioned this Court with respect to the May notice.

R issued to P a second notice of deficiency, dated Aug. 2, 2012 (August notice), for TYE June 30, 2007 and 2008, wherein R determined income tax deficiencies of $3,371,690 and $2,995,911, respectively, and penalties under I.R.C. sec. 6662. On Sept. 13, 2012, P timely petitioned this Court at docket No. 22908-12 with respect to the August notice.

R has moved to dismiss this case for lack of jurisdiction. R contends that the May notice failed to identify a particular taxpayer as

responsible for the deficiencies determined therein.  P objects, stating that the May notice made a deficiency determination and identified years and amounts at issue and thus is valid to confer jurisdiction on this Court.

Held:  Under this Court's Opinion in Dees v. Commissioner, 148 T.C. 1 (2017), the May notice is ambiguous on its face because it identifies two taxpayers as potentially liable for the deficiencies determined therein.

Held, further, under Dees P must prove that the May notice reflects a determination as to P.  P has failed to prove that the May notice reflects a determination as to P; and copies of P's returns introduced by R establish that the May notice does not reflect a determination as to P.

Held, further, the May notice is invalid because it does not reflect a deficiency determination as to P.

Joseph C. Mandarino, Anthony J. Rollins, and John Phillip Tyler, for petitioner.

Anita Goklaney, Carolyn L. Rountree, and Gwendolyn C. Walker, for respondent.

OPINION

MARVEL, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  The issue presented by respondent's motion is

whether the notice of deficiency underlying this case is invalid because it does not reflect that respondent made a deficiency determination as to petitioner within the meaning of section 6212(a).[1]

Background

Petitioner is a corporation whose principal place of business was in Georgia when it petitioned the Court. Petitioner and U.S. Auto Finance, Inc. (U.S. Auto Finance), are related entities which share a mailing address and are represented by the same counsel. Petitioner and U.S. Auto Finance filed separate income tax returns for taxable years ending (TYE) June 30, 2003, 2007, and 2008.

On May 15, 2012, respondent issued a set of documents purporting to be a notice of deficiency (May notice). The May notice encompasses: (1) a cover letter dated May 15, 2012, addressed to petitioner and stating that respondent determined deficiencies in petitioner's Federal income tax accounts of $24,480 and $30,668 for TYE June 30, 2003 and 2007, respectively; (2) a Form 4089, Notice of Deficiency--Waiver, also addressed to petitioner, listing identical deficiencies for TYE June 30, 2003 and 2007, and no deficiency for TYE June 30, 2008; (3) a Form 5278, Statement--Income Tax Changes, showing U.S. Auto

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Finance, not petitioner, as the taxpayer and stating the same deficiencies for TYE

June 30, 2003 and 2007, and zero deficiency for TYE June 30, 2008; and (4) a

Form 886-A, Explanation of Adjustments, showing U.S. Auto Finance as the

taxpayer and purporting to explain the adjustments shown on the Form 5278. The

Form 886-A within the May notice states that respondent disallowed part of U.S.

Auto Finance's claimed $748,314 and $1,063,792 deductions for rent expense for

TYE June 30, 2007 and 2008, respectively.[2]

On August 2, 2012, respondent issued to petitioner a second purported

notice of deficiency (August notice). The August notice determines the following

deficiencies[3] and section 6662(a) penalties:

---

[2]On August 27, 2012, respondent issued a notice of deficiency to U.S. Auto Finance. With the exception of correctly identifying U.S. Auto Finance throughout, this notice is identical to the May notice (i.e., the notice contained the same Forms 5278 and 886-A, address, and authorized representative information as the May notice). On September 14, 2012, U.S. Auto Finance filed a petition at docket No. 22967-12.

[3]The adjustments generating the deficiency for TYE June 30, 2007, include the disallowance of a $9,451,211 loss from the sale of certain notes by petitioner to U.S. Auto Finance and the disallowance of a $182,190 interest expense deduction. The adjustments generating the deficiency for TYE June 30, 2008, include the disallowance of an $8,623,662 loss from the sale of certain notes by petitioner to U.S. Auto Finance and the disallowance of a $187,840 interest expense deduction.

|                | TYE 6/30 | Deficiency  | Penalty sec. 6662(a) |
|----------------|----------|-------------|----------------------|
|                | 2007     | $3,371,690  | $674,338             |
|                | 2008     | 2,995,911   | 599,182              |

On August 10, 2012, eight days after respondent had mailed the August notice to petitioner, petitioner timely filed a petition with respect to the May notice. In that petition, petitioner admitted that proposed deficiencies "on their face are applicable to U.S. Auto Finance Inc., a separate and distinct corporation." Petitioner alleged that the May notice was erroneous, arbitrary and capricious, and that respondent should bear the burden of proof as to all items. On September 13, 2012, petitioner filed a petition from the August notice at docket No. 22908-12.

Respondent moved to dismiss this case for lack of jurisdiction, alleging that the May notice is invalid because respondent failed to make a determination as to petitioner as required by section 6212(a). Petitioner filed an opposition to respondent's motion in which petitioner contended that the May notice is valid because it identifies petitioner in its opening pages and sets forth deficiencies for two tax years.[4] We subsequently held a hearing on the motion, at which

---

[4]In the initial filings with respect to the motion to dismiss, both parties relied on the opinion of the U.S. Court of Appeals for the Ninth Circuit in Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), rev'g 81 T.C. 855 (1983), and did not contend that our Opinion in Scar was controlling.

respondent's counsel provided copies of petitioner's Forms 1120, U.S. Corporation Income Tax Return, for TYE June 30, 2007 and 2008. The returns respondent introduced, as well as petitioner's concessions in its petition and in its briefing, establish that the determination in the May notice did not relate to petitioner.[5]

On February 2, 2017, this Court issued its Opinion in Dees v. Commissioner, 148 T.C. 1 (2017), clarifying the standard we apply when determining whether an ambiguous notice of deficiency is valid. We subsequently ordered the parties to file memoranda of law discussing the impact of Dees on the pending motion to dismiss for lack of jurisdiction, and both parties filed supplemental memoranda in support of their positions.

---

[5]Petitioner's income tax returns show that petitioner claimed deductions for rents and reported total tax for TYE June 30, 2007, of $73,040 and $3,265, respectively; similarly, petitioner claimed deductions for rents and reported total tax for TYE June 30, 2008, of $169,116 and $141,790, respectively. The preadjustment figures on the May notice's Form 5278 and Form 886-A do not match the figures on the Forms 1120 for petitioner's TYE June 30, 2007 and 2008. Specifically, the rent expense deductions disallowed in the May notice's Form 886-A far exceed the total rent expense deductions claimed on petitioner's tax returns for TYE June 30, 2007 and 2008. Also, in its petition and in later briefing, petitioner conceded that it knew the May notice related to U.S. Auto Finance.

## Discussion

This Court is a court of limited jurisdiction, and it exercises its jurisdiction only as explicitly authorized by statute. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). In a deficiency case, this Court's jurisdiction requires a valid notice of deficiency and a timely petition, see sec. 6213; Rule 13(a), (c), and this Court has jurisdiction to determine its jurisdiction, see LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 27 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017). There is no dispute that petitioner filed a timely petition, so the only issue before this Court is whether the May notice is valid and confers jurisdiction.

## I. Validity of an Ambiguous Notice of Deficiency

Section 6212(a) authorizes the issuance of a notice of deficiency "to the taxpayer" when the Commissioner determines a deficiency as to that taxpayer. No particular form is required, and this Court considers the set of documents making up the notice as a whole. See Dees v. Commissioner, 148 T.C. at 4 (citing Saint Paul Bottling Co. v. Commissioner, 34 T.C. 1137, 1138 (1960)). This Court's recent reviewed Opinion in Dees sets forth the framework we apply when determining the validity of an ambiguous notice of deficiency.

Under the Dees analytical framework, we apply a two-part test. First, we determine whether, on an objective basis, a purported notice would inform a

reasonable taxpayer that the Commissioner had determined a deficiency as to that taxpayer. (Dees step 1.) Dees v. Commissioner, 148 T.C. at 6. If the notice does so unequivocally, "our inquiry ends there; the notice is valid." Id. But if a notice is ambiguous, the party seeking to invoke our jurisdiction must establish both that: (1) "the Commissioner made a determination" as to the taxpayer and (2) "the taxpayer was not misled by the ambiguous notice." (Dees step 2.) Id. Failure to meet either test results in a conclusion that the notice is invalid. Id.

Under Dees step 2, we may consider evidence from outside the four corners of the purported notice to establish whether the Commissioner made a taxpayer-specific determination. Ordinarily, we presume that the Commissioner made a taxpayer-specific determination if "[t]here is no indication in * * * [the notice] that * * * [the Commissioner] failed to consider information that related to * * * [the taxpayer]." (Campbell presumption.) Campbell v. Commissioner, 90 T.C. 110, 113 (1988); see also Dees v. Commissioner, 148 T.C. at 6-7 (quoting Campbell v. Commissioner, 90 T.C. at 113). A party may then rebut the Campbell presumption with extrinsic evidence, including tax returns. Dees v. Commissioner, 148 T.C.

at 6-7;[6] <u>Campbell v. Commissioner</u>, 90 T.C. at 112-113; <u>accord</u> <u>Morrison v.</u>
<u>Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

II.     <u>Under Dees Step 1, the May Notice Is Ambiguous on Its Face</u>.

We start our inquiry by asking whether the May notice, on its face, would unambiguously "put a reasonable taxpayer on notice that the Commissioner determined a deficiency in tax for a particular year and amount." <u>Dees v.</u> <u>Commissioner</u>, 148 T.C. at 6. To do so, the May notice must "advise the person who is to pay the deficiency that the Commissioner means to assess him". <u>Id.</u> (quoting <u>Olsen v. Helvering</u>, 88 F.2d 650, 651 (2d Cir. 1937), <u>aff'g</u> a Memorandum Opinion of the Board of Tax Appeals).

We conclude that the May notice is ambiguous. Though the May notice is consistent throughout as to the amounts of the deficiencies and the years at issue, it is fatally inconsistent as to the identity of the taxpayer against whom the deficiencies are determined. The cover letter and the Form 4089 identify petitioner, while the Form 5278 statement of changes and the Form 886-A explanation of changes identify U.S. Auto Finance, a related but separate entity, as

---

[6]Absent a stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Eleventh Circuit. We abide by that Circuit's precedent if it is "squarely in point". <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), <u>aff'd</u>, 445 F.2d 985 (10th Cir. 1971).

the taxpayer. Although the documents making up the May notice indicate that a determination has been made, it is not possible to ascertain from the documents which entity would owe the determined deficiencies--petitioner or its related entity, U.S. Auto Finance. In this context, we cannot say that the May notice "advise[s] the person who is to pay the deficiency that the Commissioner means to assess" the determined deficiency. Id. (emphasis added).

III.    Under Dees Step 2, Petitioner Cannot and Did Not Prove That the May Notice Reflects a Determination as to Petitioner.

Because the May notice is ambiguous, the party asserting that this Court has jurisdiction--here petitioner--must prove the relevant jurisdictional facts. See Dees v. Commissioner, 148 T.C. at 6; see also Fehrs v. Commissioner, 65 T.C. 346, 349 (1975); Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929). Because respondent's motion to dismiss alleges that the May notice does not reflect a determination as to petitioner, to prove jurisdiction petitioner must establish that the May notice does, in fact, reflect a determination as to petitioner. See Dees v. Commissioner, 148 T.C. at 6; see also, e.g., Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), aff'd in part, vacated in part, 756 F.2d 1430 (9th Cir. 1985). Petitioner cannot and did not prove that the May notice reflects determinations with respect to petitioner.

This Court has jurisdiction to determine its jurisdiction. See LG Kendrick, LLC v. Commissioner, 146 T.C. at 27. When a party disputes a jurisdictional fact, a court must resolve that factual dispute. E.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). In doing so, the court is not limited to the pleadings; rather, the court "must weigh the parties' evidence". United States ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 810 n.2 (11th Cir. 2015). The court may consider any evidence in the record, and jurisdiction is never presumed. Id.; see, e.g., Consol. Cos. v. Commissioner, 15 B.T.A. at 652-653.[7]

---

[7]A motion to dismiss for lack of jurisdiction before this Court under Rules 40 and 53 is analogous to a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in the U.S. District Courts. See, e.g., Redman v. Commissioner, 820 F.2d 209, 211 (6th Cir. 1987). Under Fed. R. Civ. P. 12(b)(1), attacks on subject matter jurisdiction can be either facial or factual. See Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). The Courts of Appeals uniformly agree that in a case involving a jurisdictional fact dispute, like the one here, the trial court has a duty to resolve that dispute on the basis of the entire record before it unless the disputed jurisdictional fact is inextricably intertwined with the merits of the claim, which is not the case here. See, e.g., Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-1170 (11th Cir. 2011); see also Feldman v. FDIC, 879 F.3d 347, 351 (D.C. Cir. 2018); Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016); United States v. Chattanooga-Hamilton Cty. Hosp. Auth., 782 F.3d 260, 265 (6th Cir. 2015); Arena v. Graybar Elec. Co., 669 F.3d 214, 223 (5th Cir. 2012); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009); CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008); Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 34 (1st Cir. 2008); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000);

(continued...)

In support of jurisdiction, petitioner offers two factual arguments (both inferential) and one legal argument. As its first factual argument, petitioner contends that it is entitled to the Campbell presumption because this case is factually analogous. On the basis of that presumption, petitioner argues that it has established that respondent determined a deficiency against it. Petitioner's second factual argument is that respondent must have determined a deficiency against it because the August notice came so quickly on the heels of the May notice that the determination must have been made before that in the May notice. Finally, petitioner argues that the May notice is valid even if it does not reflect a determination as to petitioner because, under Benzvi v. Commissioner, 787 F.2d 1541 (11th Cir. 1986), a valid notice does not have to identify the taxpayer correctly. The notice, instead, need only determine a deficiency and identify the amount of the deficiency and the tax year at issue. It need not be error free, and any errors can be handled by the Commissioner's pleading any corrections in his

---

[7](...continued)
Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-1584 (Fed. Cir. 1993).

answer or in an amended answer as new matters--for which the Commissioner would bear the burden of proof.[8]

Respondent counters these arguments with petitioner's tax returns, which he introduced in support of his motion to dismiss. Respondent contends that a review of those returns shows that any determination reflected in the May notice cannot relate to petitioner. Because the May notice does not reflect a determination as to petitioner, respondent argues that the May notice is invalid and we must dismiss for lack of jurisdiction.

We agree with respondent. Petitioner admits that the May notice reflects determinations with respect to U.S. Auto Finance, and it is clear that petitioner has not been prejudiced by the erroneous notice.[9] Moreover, the evidence in the record--particularly the tax returns--cannot be ignored. See Dees v. Commissioner, 148 T.C. at 4; see also Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169-1170 (11th Cir. 2011) (quoting

---

[8]Even though petitioner knew before it filed its petitions in this Court that the May notice proposed adjustments with respect to U.S. Auto Finance's returns, petitioner apparently did not ask respondent to rescind the May notice under sec. 6212(d). Instead, petitioner filed a petition on August 10, 2012, contesting the adjustments in the May notice and alleging that respondent must bear the burden of proof with respect to the adjustments.

[9]Not only did respondent issue a second, corrected notice of deficiency to petitioner, but petitioner actually petitioned the Court with respect to that notice.

Morrison, 323 F.3d at 926, and <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1530 (11th Cir. 1990)). That evidence is unambiguous and confirms that the May notice reflected a determination with respect to U.S. Auto Finance and not petitioner. The May notice is thus invalid, and we lack jurisdiction.[10]

Petitioner's contentions to the contrary are unavailing. As to its factual arguments, we note that <u>Campbell</u> does not compel a different result. While we think <u>Campbell</u> is distinguishable,[11] we need not linger on it. Even if we assume petitioner is entitled to the <u>Campbell</u> presumption, it is only a presumption. "[M]ost legal presumptions * * * are dispelled immediately upon the production of

---

[10]Because petitioner cannot prove that respondent determined a deficiency against it, we need not address in detail whether petitioner was subjectively prejudiced by the May notice under <u>Dees</u> step 2. See <u>Dees v. Commissioner</u>, 148 T.C. 1, 7 (2017).

[11]In <u>Campbell v. Commissioner</u>, 90 T.C. 110, 111 (1988), the notice identified the Campbells on the first two pages and determined a deficiency against them. The remaining seven pages then identified a different taxpayer and determined a different deficiency against that taxpayer. The Court held that the inclusion of this second, discrete determination did not invalidate the notice as to the Campbells. There was "absolutely no correlation" between the two deficiency amounts and each was determined against a distinct taxpayer. <u>Id.</u> at 113. Also, the Commissioner introduced the Campbells' income tax returns, which confirmed that the deficiency determined against them in the notice was, in fact, determined on the basis of their information. <u>Id.</u> By contrast, the May notice here asserts a consistent set of deficiencies but determines them against two distinct taxpayers. There is no basis to determine which taxpayer must pay the deficiencies, and therefore this case is distinguishable from <u>Campbell</u>.

any evidence negativing the presumption", Forrester v. Commissioner, 49 T.C. 499, 504 (1968), and the Campbell presumption is like most--it may be rebutted by other evidence, see Campbell v. Commissioner, 90 T.C. at 113.  Petitioner's tax returns rebut any jurisdictional inference Campbell may have granted.

Petitioner's second factual argument is similarly unconvincing.  The temporal inference petitioner would have us draw has no support in our caselaw or the record.  The timing of the August notice simply does not bear on the validity of the May notice.

Finally, petitioner's legal argument rests on a distorted reading of Benzvi v. Commissioner, 787 F.2d at 1542.  While the Court of Appeals said there that a notice must "indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency", it also required that the notice identify the taxpayer unambiguously.  The sentences surrounding the text petitioner quotes clarify that, for a notice to be valid,

> the IRS first must have notified the taxpayer that it has examined the taxpayer's return and made a deficiency determination * * *
> Although there is no prescribed form for a deficiency notice, the notice must at a minimum indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency.  As Judge Hand explained:  "the notice is only to advise the person who is to pay the deficiency that the commissioner means to assess him; anything that does this unequivocally is good enough." * * *

Id. (quoting Olsen, 88 F.2d at 651). Benzvi thus accords with this Court's approach in Dees v. Commissioner, 148 T.C. at 6 (quoting Olsen, 88 F.2d at 651), that a valid notice must identify "the person who is to pay the deficiency". Identification is essential because a deficiency determination is necessarily taxpayer specific and requires calculation based on that taxpayer's information. Benzvi v. Commissioner, 787 F.2d at 1543; Dees v. Commissioner, 148 T.C. at 6.[12] Under Dees step 2, petitioner must prove that the May notice reflected a petitioner-specific determination; Benzvi does not permit a lesser showing.

Petitioner provides no evidence beyond the inferential theories noted above. Respondent, in contrast, has introduced documentary evidence that the May notice did not reflect a determination as to petitioner. Indeed, the evidence respondent has introduced would be sufficient even if respondent bore the burden of proof--

---

[12]Petitioner cites numerous other Opinions of this Court, as well as those from the U.S. Court of Appeals for the Eleventh Circuit, in support of its characterization of its burden under Dees step 2. But, in each case petitioner cites the notices were not ambiguous about the identity of the taxpayer, as is the case here. Petitioner's reliance on cases when a notice had other flaws but clearly identified the taxpayer against whom the deficiency was determined is misplaced. E.g., Stoecklin v. Commissioner, 865 F.2d 1221, 1224 (11th Cir. 1989), aff'g T.C. Memo. 1987-453; Dees v. Commissioner, 148 T.C. 1; Barnes v. Commissioner, 130 T.C. 248 (2008); Campbell v. Commissioner, 90 T.C. 110; Stamm Int'l Corp. v. Commissioner, 84 T.C. 248 (1985); McCue v. Commissioner, 1 T.C. 986 (1943); Hendeles v. Commissioner, T.C. Memo. 2008-206; Whittington v. Commissioner, T.C. Memo. 1999-279.

which he does not. Because petitioner cannot prove that the May notice reflects a determination as to itself, petitioner cannot prove that this Court has jurisdiction. Thus, we must dismiss.[13]

An order of dismissal for lack of jurisdiction will be entered.

Reviewed by the Court.

THORNTON, PARIS, MORRISON, KERRIGAN, BUCH, LAUBER, NEGA, and COPELAND, JJ., agree with this opinion of the Court.

---

[13]We have considered the parties' other arguments and, to the extent they are not discussed here, we find them to be irrelevant or without merit.

MARVEL and LAUBER, JJ., concurring:  The dissenting opinion of Chief Judge Foley and Judge Urda (dissenting op.) suggests, among other things, that the opinion of the Court "ignores precedent, endorses a jury-rigged analytical construct, and puts the onus on taxpayers to divine the meaning of the IRS's slapdash gobbledygook."  See dissenting op. p. 37.  The opinion of the Court does nothing of the sort.  We feel obligated to defend the opinion of the Court in the face of a dissent that suggests the opinion of the Court "bends over backward to clean up the IRS's mess."  See id.

The dissent contends that the controlling precedent in this case is this Court's Opinion in Scar v. Commissioner (Scar I), 81 T.C. 855 (1983), rev'd, Scar v. Commissioner (Scar II), 814 F.2d 1363 (9th Cir. 1987), and not the Court's recent Opinion in Dees v. Commissioner, 148 T.C. 1 (2017), which dealt with an ambiguous notice of deficiency.  The dissent suggests that the opinion of the Court "chooses not to address it."  See dissenting op. p. 31.  The dissent does not mention, however, that, although the parties in their motion papers initially raised and argued Scar, they based their arguments solely on Scar II, not Scar I.  The parties did not even discuss Scar I or acknowledge that Scar I had any continuing vitality as a precedent in this Court.

Jurisdictional issues like the ones involved in this case and in Scar I have generated lots of sound and fury over the years. This Court adopted Scar I, a Court-reviewed Opinion, in 1983 with nine judges dissenting in whole or in part. This Court, 36 years later in 2017, adopted Dees v. Commissioner, 148 T.C. 1 (2017), another Court-reviewed Opinion, by a vote of seven yes, two concur, one concur in the result, and seven dissents. In the years between Scar I and Dees, this Court has decided several cases in which it has relied on Campbell v. Commissioner, 90 T.C. 110 (1988), a Division Opinion, not a Court-reviewed Opinion, "to support the use of evidence outside the four corners of the notice of deficiency, such as tax returns, to confirm that an allegedly ambiguous notice of deficiency reflected a determination with respect to the taxpayer's return." Dees v. Commissioner, 148 T.C. at 11 (Marvel, J., concurring) (citing Hanashiro v. Commissioner, T.C. Memo. 1999-78, 77 T.C.M. (CCH) 1539, 1542 (1999) (holding that despite conflicting documents within a notice of deficiency, the notice reflected determinations with respect to the taxpayer and was valid), and Stinnett v. Commissioner, T.C. Memo. 1993-429, 66 T.C.M. (CCH) 750, 753 (1993) (holding that amounts disallowed in an allegedly invalid notice were identical to amounts claimed on the taxpayer's tax returns and the notice was valid)).

Dees, this Court's most recent statement regarding the validity of an ambiguous notice of deficiency, attempted to smooth over the rough edges of a thorny area of our jurisprudence. In doing so, Dees provided this Court with an applicable, and readily applied, framework for reviewing the validity of an ambiguous notice of deficiency. Applying that framework, the opinion of the Court finds that the May notice is irreconcilably ambiguous with respect to the identity of the taxpayer against whom the deficiencies were determined, and that extrinsic evidence (specifically, admissions of the parties and the relevant tax returns) establishes that the May notice does not relate to petitioner and that the notice is invalid because it did not make a determination with respect to petitioner. Scar did not involve an ambiguous notice; Dees did.

With the analytical framework for evaluating the validity of an ambiguous notice of deficiency set forth in the Court-reviewed Dees Opinion, we need not tackle Scar I because it is distinguishable on its facts. The notice at issue in Scar I did not involve an ambiguity regarding the identity of the taxpayer against whom the deficiency was determined. The notice in Scar I did not involve a determination at all, at least according to the U.S. Court of Appeals for the Ninth Circuit in Scar II. That alone distinguishes Scar I from this case, where the notice of deficiency contains a determination but it is ambiguous regarding the identity of

the taxpayer against whom the determination was made. Insofar as <u>Scar I</u> still has vitality,[1] it appears limited to the case where the notice reflects an apparently protective determination against a clearly identified taxpayer and not a case like this one where the notice of deficiency determines the same deficiencies against two separate taxpayers. <u>Scar I</u> is distinguishable, and therein lies the reason for not addressing it.

The dissent disagrees, contending that a purported notice of deficiency "must advise a taxpayer that the IRS has determined a deficiency for a specific year and in a particular amount." It suggests that the notice in this case "cleared these minimal jurisdictional hurdles" because it "unambiguously is addressed to petitioner" and states that respondent "determined deficiencies of particular amounts relating to petitioner's 2003 and 2007 taxable years." The dissent fails to acknowledge that other parts of the notice state that a different taxpayer is liable

---

[1]In scores of cases decided after the Court of Appeals for the Ninth Circuit reversed this Court in <u>Scar II</u> in 1987, this Court has consistently distinguished <u>Scar II</u> without affirmatively applying <u>Scar I</u>. This is true both in cases appealable in the Ninth Circuit and, more importantly, in cases appealable to Courts of Appeals that have not adopted <u>Scar II</u>. See, e.g., <u>Green Gas Del. Statutory Tr. v. Commissioner</u>, T.C. Memo. 2015-168; <u>Cross v. Commissioner</u>, T.C. Memo. 2012-344; <u>Wapnick v. Commissioner</u>, T.C. Memo. 2002-45; <u>McGee v. Commissioner</u>, T.C. Memo. 1997-221; <u>McCarthy v. Commissioner</u>, T.C. Memo. 1989-479.

for the exact same deficiencies and that the ambiguity regarding the taxpayer who must pay the deficiencies cannot be resolved from the face of the notice itself.

There is nothing more fundamental to the jurisdiction of this Court than the identification of the taxpayer against whom the Commissioner has proposed a deficiency and the determination of a deficiency with respect to that taxpayer. See sec. 6212. This Court has acknowledged as much, see Dees v. Commissioner, 148 T.C. at 6 (citing Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), aff'g a Memorandum Opinion of the Board of Tax Appeals), and the U.S. Court of Appeals for the Eleventh Circuit requires nothing less, see Bokum v. Commissioner, 992 F.2d 1136, 1139 (11th Cir. 1993), aff'g T.C. Memo. 1990-21; Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986). Relying on Bokum and Benzvi, the dissent contends that a notice letter addressed to the taxpayer suffices to satisfy jurisdictional requirements--but this reliance is misplaced. In Benzvi v. Commissioner, 787 F.2d at 1542, the Court of Appeals stated that "before a taxpayer may petition the Tax Court for a redetermination of deficiency, the IRS first must have notified the taxpayer that it has examined the taxpayer's return and made a deficiency determination." (Emphasis added.) A

notice of deficiency that names two different taxpayers is hardly the kind of notice that <u>Benzvi</u> seems to require.[2]

This is not a case where a taxpayer is being unfairly forced to litigate an allegedly invalid notice. This is not a case where the Commissioner is being favored over the taxpayer. The IRS made a processing error, and petitioner admitted in its petition that the notice reflected adjustments to the returns of a different but related taxpayer.[3] Regardless of the decision reached with respect to the validity of the notice in this case, petitioner will still have the opportunity to litigate adjustments that respondent made against it, which were set forth and described in the August notice of deficiency.

---

[2]The dissent also cites <u>Bokum v. Commissioner</u>, 992 F.2d 1136, 1139 (11th Cir. 1993), <u>aff'g</u> T.C. Memo. 1990-21. <u>See</u> dissenting op. p. 30. The passage quoted, however, relies upon two cases from the U.S. Courts of Appeals for the Second and Fourth Circuits, both of which explicitly state that a notice must identify the taxpayer. In the first, <u>Estate of Yaegar v. Commissioner</u>, 889 F.2d 29, 34 (2d Cir. 1989), <u>aff'g</u> T.C. Memo. 1988-264, the court stated that "the notice generally must indicate that a deficiency has been determined and identify the taxpayer, the taxable year involved, and the amount of the deficiency." In the other, <u>Abrams v. Commissioner</u>, 787 F.2d 939, 941 (4th Cir. 1986), <u>aff'g</u> 84 T.C. 1308 (1985), the court stated that a notice "must inform the taxpayer of the exact amount of the deficiency." When different parts of a notice of deficiency name different taxpayers as the taxpayers liable for the same deficiency, the notice does not identify the taxpayer for jurisdictional purposes.

[3]In its petition, petitioner stated: "Respondent erred in * * * attributing to taxpayer proposed deficiencies in income taxes which on their face are applicable to U.S. Auto Finance".

The opinion of the Court applies the <u>Dees</u> analysis to identify the taxpayer as to whom the adjustments in the notice were made, and in so doing, confirms that petitioner was not that taxpayer. Petitioner admitted as much in its petition and the opinion of the Court acknowledges that admission. This Court's jurisdiction should not rely on superficial analysis based on <u>Scar I</u> to resolve disputes about important jurisdictional facts such as the identity of the taxpayer.

As we have done repeatedly since 1987, we should confine and limit <u>Scar I</u> to its unique facts. It is not helpful here.

THORNTON, BUCH, and COPELAND, <u>JJ</u>., agree with this concurring opinion.

BUCH, J., concurring:  The opinion of the Court does not attempt the needless exercise of reconciling this case with our Opinion in Scar v. Commissioner (Scar I), 81 T.C. 855 (1983), rev'd, Scar v. Commissioner (Scar II), 814 F.2d 1363 (9th Cir. 1987), or the Court of Appeals for the Ninth Circuit's opinion reversing us.  That reconciliation is needless because, unlike petitioner in this case, the Scars did not receive an ambiguous notice of deficiency, and as a result, neither our precedent in their case nor the Court of Appeals' opinion is applicable.

The Scars filed a joint 1978 tax return, reporting a tax liability of $3,269. The Commissioner mailed them a notice of deficiency determining a deficiency of $96,600 for that year.  The notice of deficiency named the Scars as the taxpayers, was sent to their address, and set forth the amount of the deficiency the Commissioner had determined for them.

Regarding the substance of that determination, the notice of deficiency had errors.  Among the errors, the notice incorrectly identified the source of the Scars' deficiency as unreported income from a partnership in which they had not invested.  The Commissioner also did not apply the applicable tax rate but instead stated that "since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum tax rate of 70%." Id. at 857.

The Scars argued that the notice of deficiency was invalid because the Commissioner had not determined a deficiency against them. They alleged, and the Commissioner ultimately conceded, that they had not claimed expense or loss deductions from the partnership identified in the notice of deficiency. The Scars argued that because of its errors, the notice of deficiency was invalid and the Tax Court lacked jurisdiction.

We disagreed. We stated the notice of deficiency needs "only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Id. at 860 (quoting Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937), aff'g a Memorandum Opinion of the Board of Tax Appeals). To be valid, the notice of deficiency must only put the intended taxpayers on notice, state the amount of the deficiency, and specify the tax years involved. Determining whether the Commissioner's calculations are correct is what this Court is for; we redetermine the deficiency. Sec. 6213(a).

The Court of Appeals for the Ninth Circuit reversed, concluding that the Commissioner had not determined a deficiency for the Scars. The court reached that conclusion because the Commissioner based his notice of deficiency on information unrelated to the Scars and did not reference the Scars' actual tax return, holding that the Commissioner "must consider information that relates to a

particular taxpayer" before determining a deficiency exists for that taxpayer.  Scar II, 814 F.2d at 1368.

Scar I might be considered controlling in this case if it were applicable.[1]  As we wrote in Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971) "it is our best judgment that better judicial administration * * * requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone."  Even when a Tax Court opinion has been reversed by a Court of Appeals, as occurred with Scar I, we rely on our own precedent in cases before us that might be appealable to a court whose views have not yet been expressed.  Golsen v. Commissioner, 54 T.C. at 757.  Because this case is not appealable to the Court of Appeals for the Ninth Circuit, we would apply the precedent from our Opinion Scar I if it fit this case.

It is readily apparent that Scar I and Scar II are inapposite.  The Scars received a notice of deficiency that unambiguously determined a deficiency on its

_____

[1]We have not explicitly overruled our Opinion in Scar I.  And the Court of Appeals for the Ninth Circuit has clarified its own holding in Scar II, stating that it applies "[o]nly where the notice of deficiency reveals on its face that the Commissioner failed to make a determination".  Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989).  We need not address the continuing vitality of Scar I or Scar II in this case, because this case presents a different issue.

face.  In contrast, the notice of deficiency addressed to U.S. Auto Sales is ambiguous as to perhaps the most critical element of such a notice:  the identity of the taxpayer about whom the Commissioner determined a deficiency.  In Scar I, we held that any notice that unequivocally notifies a taxpayer that the Commissioner means to assess him is enough.  The equivocal nature of a notice of deficiency that simultaneously identifies two different taxpayers fails that simple test.

Because the notice of deficiency failed to unequivocally notify U.S. Auto Sales that the Commissioner means to assess tax against it, we must decide whether the notice might nonetheless be valid.  Our precedent in Dees v. Commissioner, 148 T.C. 1 (2017), sets forth the framework for making that

decision.[2] I join the opinion of the Court because it faithfully follows that precedent.

MARVEL, PARIS, LAUBER, NEGA, and COPELAND, JJ., agree with this concurring opinion.

---

[2]Chief Judge Foley and Judge Urda, dissenting, suggest that we are raising the jurisdictional bar. Far from it. We always have jurisdiction to determine our own jurisdiction. If a timely petition is filed from a valid notice, the case can proceed. If a timely petition is filed from an invalid notice, we can dismiss the case and the Commissioner cannot assess on the basis of that notice. Perhaps most significant is what happens if a taxpayer fails to file a petition. Under the dissent's approach, the Commissioner benefits from his "slapdash gobbledygook." See dissenting op. p. 37. He can assess the tax and begin collection. And if a collection proceeding were to arise, the taxpayer could not challenge the underlying liability because the "slapdash gobbledygook" would have given rise to a prior opportunity to challenge the underlying liability. See sec. 6330(c)(2)(B). Contrary to the dissent's protestations, the opinion of the Court does not place an added burden on taxpayers; in the far more typical case, it protects taxpayers.

FOLEY, C.J., and URDA, J., dissenting:  The opinion of the Court today holds that this Court lacks jurisdiction over a notice of deficiency that apprised a petitioner of deficiency determinations for specific taxable years.  The Internal Revenue Code (Code), however, requires no more for us to exercise jurisdiction, and the Court's conclusion contradicts our decision in Scar v. Commissioner (Scar I), 81 T.C. 855 (1983), rev'd, Scar v. Commissioner (Scar II), 814 F.2d 1363 (9th Cir. 1987).

I.     The Notice Satisfies the Code's Jurisdictional Requirements

Our jurisdiction to redetermine a deficiency is pinned to the mailing of a notice of the deficiency by the IRS.  Sec. 6213(a).  Accordingly, courts have uniformly viewed the notice as a jurisdictional prerequisite.  See, e.g., Laing v. United States, 423 U.S. 161, 165 n.4 (1976) ("A deficiency notice * * * is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability.");  Bartman v. Commissioner, 446 F.3d 785, 787 (8th Cir. 2006) (describing a notice as the "jurisdictional 'ticket to the Tax Court'" (quoting Bokum v. Commissioner, 992 F.2d 1136, 1139 (11th Cir. 1993), aff'g T.C. Memo. 1990-21));  Benzvi v. Commissioner, 787 F.2d 1541, 1542 (11th Cir. 1986).

The Code does not prescribe a particular form that such a notice must take.  See sec. 6212.  The notice simply must advise a taxpayer that the IRS has

determined a deficiency for a specific year and in a particular amount. Campbell v. Commissioner, 90 T.C. 110, 115 (1988). The Court of Appeals for the Eleventh Circuit--the court to which an appeal of this case lies--agrees: "[T]he notice must at a minimum indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency." Benzvi v. Commissioner, 787 F.2d at 1542; see also Bokum v. Commissioner, 992 F.2d at 1139; Stoecklin v. Commissioner, 865 F.2d 1221, 1224 (11th Cir. 1989) (holding that a notice is valid if it demonstrates that the IRS determined a deficiency for a particular year and specifies the amount), aff'g T.C. Memo. 1987-453.

The notice here cleared these minimal jurisdictional hurdles. It unambiguously is addressed to petitioner and states that respondent has determined deficiencies of particular amounts relating to petitioner's 2003 and 2007 taxable years. The notice thus satisfies the dictates of section 6212, and we have jurisdiction.

II.     Scar I, Not Dees, Is the Controlling Precedent

In reaching a contrary result, the opinion of the Court leans hard on our recent decision in Dees v. Commissioner, 148 T.C. 1 (2017). But Dees is not the controlling precedent--pride of place in that regard belongs to our decision in Scar I. The opinion of the Court chooses not to address it.

In Scar I, we faced a similar problem as here: The front page of a properly mailed and addressed notice asserted that the IRS had determined that the Scars owed a specific deficiency amount for a specific year, but the explanatory attachments suggested this deficiency did not relate to the Scars. Scar I, 81 T.C. at 857-858. We held that we had jurisdiction because the notice set forth the amount of the deficiency and the taxable year involved. Id. at 860-861. We further explained that the fact "that there was no deficiency on the basis of the grounds set forth in the deficiency notice * * * [was] irrelevant." Id. at 861. Although the Court of Appeals for the Ninth Circuit overruled our decision in Scar I, we have not done so. It thus remains good law in this Court and precedent that governs us (except in the Ninth Circuit).[1]

Dees, on which the opinion of the Court relies, does not trump Scar I and does not resemble this case. In Dees, the first page of the notice said that the IRS had determined that there was a deficiency of "$.00", but the attachments showed that the IRS was disallowing a refundable credit. 148 T.C. at 2. We analogized the situation to cases where the notice contained internal inconsistencies about the

---

[1]Under the doctrine established in Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971), we will "follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." We thus follow the Ninth Circuit's decision in Scar II only in cases appealable to that Circuit.

periods covered and applied the subjective test that we employ in such cases, which focuses on whether the taxpayer was misled. Id. at 6-7. The case before us today, however, presents questions regarding neither amounts (as in Dees) nor years (as in the cases discussed in Dees). We agree with Judge Ashford's conclusion in her dissent that reliance on Dees in this case "is, at best, unnecessary, and at worst, improper." See Ashford op. p. 38. Taxpayers need and deserve clarity, not obfuscation. If Scar I is no longer good precedent, we should explicitly overrule it, not dance around it.

III.     Review of Extrinsic Evidence Is Neither Warranted Nor Prudent

The approach taken by the opinion of the Court, which contemplates an examination of extrinsic evidence in order to decide our jurisdiction, contravenes not only our decision in Scar I but also that of the Ninth Circuit in Scar II. The Ninth Circuit framed the question before it in this manner: "whether a form letter that asserts that a deficiency has been determined, which letter and its attachments make it patently obvious that no determination has in fact been made, satisfies the statutory mandate." Scar II, 814 F.2d at 1367. The Ninth Circuit agreed with the concerns we expressed in Scar I about the impropriety of looking behind a deficiency notice but emphasized that it could glean the necessary information from "review of the notice itself." Id. at 1368.

We have interpreted the Ninth Circuit's decision to stand for the proposition that "[w]here the notice of deficiency does not reveal on its face that the Commissioner failed to make a determination, a presumption arises that there was a deficiency determination." Campbell v. Commissioner, 90 T.C. at 113; see Caldwell v. Commissioner, T.C. Memo. 1990-236, 59 T.C.M. (CCH) 581, 581 (1990) (distinguishing Scar II as a case where it was "clear from the face of the notice" that IRS had not examined the return); accord Hannan v. Commissioner, 52 T.C. 787, 788 (1969) (in the pre-Scar I context, concluding that there was a determination even though the notice "reflect[ed] no adjustments to petitioners' taxable income or to the self-employment tax reported on the returns," but nevertheless listed various summarily assessable items as a "[d]eficiency of income tax"). This is a sensible, administrable rule consistent with the minimal jurisdictional barriers set up in the Code and our longstanding practice not to look behind a notice of deficiency.

The opinion of the Court flips this rule on its head: Unless the notice indubitably demonstrates that a deficiency determination has been made, we are to rifle through extrinsic evidence to sniff out what really happened. Neither the Code nor our precedent (nor that of the Ninth Circuit) supports this approach. The

opinion of the Court is assessing the correctness of the determination that the IRS

informed petitioner it had made--that goes to the merits, not jurisdiction.

IV.    The Concurrences Fail To Adequately Distinguish Scar I

The opinion of the Court does not attempt to grapple with Scar I (or Scar II),

relegating the matter to the concurrences.  For their part, the concurrences attempt

to distinguish Scar I on the ground that the notice here is purportedly ambiguous

as to the "identity of the taxpayer" about whom the Commissioner determined a

deficiency.

The concurrences' attempts to distinguish Scar I are pure legerdemain,

belied by the substance of the two cases.  Both today's case and Scar I feature

notices informing specific taxpayers that the IRS had determined deficiencies

against them for particular years.  In both cases accompanying attachments

showed that the determinations were based on information relating to taxpayers

other than the ones against whom the deficiencies had been asserted (and to whom

the notices had been sent).  In Scar I we explicitly rejected the argument that we

lacked jurisdiction "because the deficiency notice herein reveals on its face that

respondent's calculations were not based upon, and did not bear any relationship

to, petitioners' return."  Scar I, 81 T.C. at 861-862.  That analysis should apply

equally here. The purported ambiguity as to the identity of the taxpayer is of no more moment than the error in Scar I.

Moreover, in attempting to dodge Scar I, the concurrences fail to fully take into account Campbell. In that case, the IRS sent a deficiency notice in which the first two pages related to the Campbells and the attachments related to a person named Dan Daigle. Campbell v. Commissioner, 90 T.C. at 110-111. We did not treat the notice as ambiguous. Rather, we concluded that the notice did not reveal on its face that the IRS had failed to make a determination and exercised jurisdiction. Id. at 113. The same result should obtain here. Indeed, the Code requires it.

## V.     We Should Not Raise the Code's Low Jurisdictional Bar

The Code (1) authorizes the Commissioner to send by mail notice of a deficiency to the taxpayer, see sec. 6212(a), and then (2) gives the taxpayer to whom the notice of deficiency is mailed the authority to file a petition in this Court, see sec. 6213(a). In other words, once the IRS sends a taxpayer a slip of paper informing the taxpayer that the IRS has determined a deficiency against it for a particular year, that taxpayer can come to this Court to challenge the determination. The notice--that oft-described ticket to the Tax Court--is not meant to be mysterious or to require deciphering (by us or the taxpayer) in order for us to

punch the ticket. The IRS here sent the taxpayer a notice stating that a deficiency had been determined. The IRS may have erred in doing so. The opinion of the Court nevertheless bends over backwards to clean up the IRS's mess. In so doing, it has created an amorphous new standard that leaves taxpayers, the IRS, and this Court at sea.

Both the savvy and, far more numerous, unsophisticated taxpayers will be subject to this newly devised standard. It is inequitable, unreasonable, and a bit disconcerting to force taxpayers to jump through judicially imposed analytical and evidentiary hoops to prove the IRS's intent. Not every mistake mandates invalidating a notice of deficiency. John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210, 213 (2013) (citing Elings v. Commissioner, 324 F.3d 1110 (9th Cir. 2003)). The prudent course of action is to hold the notice valid, freely allow amendments to respondent's answer, and permit the Court to resolve the issues. Unfortunately, the opinion of the Court ignores precedent, endorses a jury-rigged analytical construct, and puts the onus on taxpayers to divine the meaning of the IRS's slapdash gobbledygook.

GALE, GUSTAFSON, PUGH, and ASHFORD, JJ., agree with this dissent.

ASHFORD, J., dissenting: I agree that we have jurisdiction over this case and therefore join Judges Foley and Urda in expressing disagreement with the opinion of the Court. I respectfully write separately to enunciate my concerns and disagreement with the analysis of the opinion of the Court. The opinion of the Court relies on the two-part test that was first delineated in Dees v. Commissioner, 148 T.C. 1 (2017). It continues to be my view--as I explained in my concurring opinion in Dees--that such a test (with both objective and subjective elements) is, at best, unnecessary, and at worst, improper.

As I stated in Dees v. Commissioner, 148 T.C. at 12 (Ashford, J., concurring), our analysis of our own jurisdiction should begin with and rely primarily on the text of the statutes establishing it; to wit, in the deficiency context, sections 6212, 6213, and 6214, and more specifically as relevant here (just as in Dees), sections 6212(a) and 6214(a). A straightforward interpretation of these statutes demonstrates that our jurisdiction is premised merely on two questions: did the Commissioner make a (substantive) determination of a deficiency in a taxpayer's Federal tax at the end of an examination, and did the Commissioner thereafter issue a (procedural) notice of deficiency to the taxpayer pursuant to that determination (from which the taxpayer could file a petition in this

Court (or do something else))?[1] Consequently, I would hold (just as Judges Foley and Urda would) that we have jurisdiction in the instant case because respondent made a determination in relation to petitioner's Federal income tax[2] and issued a notice of deficiency dated May 15, 2012, to petitioner informing it of that determination--the notice is unmistakably addressed to petitioner and states on its first page that respondent "determined that you have a deficiency in your tax

---

[1]The fact that the issuance of a notice of deficiency serves merely as a procedural tool, i.e., a specific step that the Commissioner must take at a specific point in the assessment process and without doing so generally cannot move to the next step of assessing tax he believes to be due from the taxpayer, is borne out by the changing text of sec. 6212(a). Rather than having it lead exclusively to Tax Court review, Congress has, over time, structured sec. 6212(a) to ensure that taxpayers are given various options for responding to a notice of deficiency; a taxpayer can (1) contact the Commissioner for more information (i.e., via the National Taxpayer Advocate), (2) file a petition for redetermination in our Court (thus the requirement that the notice include that date by which he or she must do so), (3) immediately pay some or all of the deficiency reflected in the notice (if it clearly states an amount), or (4) do nothing, after which the Commissioner may assess the deficiency and send the taxpayer a bill for a specific amount.

[2]I note that the authoring Judge of the opinion of the Court conducted an evidentiary hearing and at that hearing admitted into evidence Exhibit 2-R. Exhibit 2-R is a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment, executed by the parties (by petitioner on February 28, 2012, and by respondent on March 7, 2012). This form manifests that as of March 7, 2012, a determination of deficiencies in petitioner's Federal income tax (plus accuracy-related penalties) for 2007 and 2008 had been made. ("This represents a partial agreement of issues raised by Revenue Agent Demetrius Collette on Form 4549-A dated 6/18/2010. A statutory notice of deficiency will be issued for the following unagreed issues".)

account(s)"--and from that May notice petitioner timely filed a petition in this Court.

As I noted in my concurring opinion in Dees v. Commissioner, 148 T.C. at 22 (Ashford, J., concurring), we routinely elide the two aforementioned questions because we rarely need to consider whether the Commissioner has not completed (or even begun) an examination before issuing a notice of deficiency. That was the issue that distinctly arose in Scar v. Commissioner, 814 F.2d 1363, 1367-1369 (9th Cir. 1987), rev'g 81 T.C. 855 (1983). In that case, the Court of Appeals held that we improperly asserted jurisdiction over a petition filed in response to a notice that actually reflected only a preliminary finding and was not the result of an actual examination. That issue was also addressed in Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1990-68, and Clapp v. Commissioner, 875 F.2d 1396 (9th Cir. 1989), in which the Courts of Appeals agreed with us that the Commissioner did in fact reach determinations over which we had jurisdiction.

The analytical framework of the opinion of the Court (which follows Dees) lacks any basis in the statutory text, and the opinion is another example (with Dees being the first) of how we confuse these substantive and procedural jurisdictional questions. The opinion states:

> Under the <u>Dees</u> analytical framework, we apply a two-part test. First, we determine whether, on an objective basis, a purported notice would inform a reasonable taxpayer that the Commissioner had determined a deficiency as to that taxpayer. (<u>Dees</u> step 1.) <u>Dees v. Commissioner</u>, 148 T.C. at 6. If the notice does so unequivocally, "our inquiry ends there; the notice is valid." <u>Id.</u> But if a notice is ambiguous, the party seeking to invoke our jurisdiction must establish both that: (1) "the Commissioner made a determination" as to the taxpayer and (2) "the taxpayer was not misled by the ambiguous notice." (<u>Dees</u> step 2.) <u>Id.</u> * * *

<u>See</u> op. Ct. pp. 7-8. But we have jurisdiction over a deficiency determination, as a substantive matter, regardless of whether the notice of deficiency understandably reflects it or not, as long as a notice of deficiency was in fact issued, as a procedural matter.

To be sure, the notion of a notice of deficiency's lacking fundamental information (i.e., missing the amount or year of the deficiency) or, as in this case, providing confusing information (i.e., providing the wrong deficiency amount or information relating to a different taxpayer) is unsettling. But as I note in my concurring opinion in <u>Dees v. Commissioner</u>, 148 T.C. at 25 (Ashford, J., concurring) (and also as Judges Foley and Urda note at the end of their dissenting opinion in the instant case), the appropriate remedy for a notice of deficiency with confusing or inadequate content is not to declare that we do not have jurisdiction, as the opinion of the Court would have us do, but to allow the Commissioner to

freely amend his answer (and shift the burden of proof to the Commissioner on any matter not reflected or incorrectly stated in the notice). This is our well-established practice in cases where jurisdiction is not at issue. See, e.g., Shea v. Commissioner, 112 T.C. 183, 190-197 (1999) (discussing Rule 142(a)(1) for the burden of proof on a "new matter").

Rather than getting bogged down in questions about whether a notice of deficiency is valid (as the opinion of the Court does using the Dees analytical framework), by asserting our jurisdiction over essentially any notice that the Commissioner issues at the conclusion of an examination, we provide due process to as many taxpayers as possible. Holding instead, as the opinion of the Court suggests, that some notices of deficiency are so inadequate that we do not have jurisdiction over the determinations they represent increases rather than decreases confusion about our jurisdictional reach, particularly for self-represented taxpayers. And in this instance, the Commissioner's sloppiness with respect to the May notice should not be rewarded.